**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

BANK OF AMERICA, N.A (USA),

Plaintiff,

v.

US AIRWAYS, INC., US AIRWAYS GROUP, INC. and AMERICA WEST AIRLINES, INC.,

Defendants,

and

JUNIPER BANK,

Intervenor.

C.A. No. 05-793

**PLAINTIFF BANK OF AMERICA'S ANSWER**
**TO INTERVENOR JUNIPER BANK'S COUNTERCLAIM IN INTERVENTION**

Plaintiff Bank of America, N.A. (USA) ("Bank of America"), through its undersigned attorneys, upon knowledge with respect to itself, and upon information and belief with respect to all other averments, denies all the allegations set forth in the headings and wherefore clauses of the counterclaim in intervention ("Counterclaim") of Juniper Bank ("Juniper"), and otherwise responds to the Counterclaim as follows:

1. States that the averments in paragraph 1 purport to describe this action and do not require a response. To the extent a response is required, Bank of America denies the averments of paragraph 1, except states that on October 12, 2005, Bank of America filed a complaint (the "Complaint") in Delaware Chancery Court that seeks to enforce Bank of America's rights under its Co-Branded Card Agreement with defendant US Airways, Inc. ("US Airways") dated as of May 20, 2003 (the

"Agreement"), refers to the complaint for its contents and states that Juniper moved to intervene in the action on October 27, 2005, which intervention was granted on November 1, 2005.

2. Admits the averments of the first sentence of paragraph 2, but denies the averments of the second sentence, except states that Bank of America is in the credit card marketing and processing and merchant service business, and that Bank of America is an indirect subsidiary of Bank of America Corporation, a bank holding company and a financial holding company, which provides a diversified range of banking and nonbanking financial services and products.

3. States that it is without information sufficient to form a belief as to the truth of the averments of Paragraph 3 insofar as they relate to the current corporate charter of US Airways Group, except admits that US Airways Group emerged from federal bankruptcy protection on September 16, 2005.

4. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 4 insofar as they relate to the current corporate charter of US Airways, Inc., except admits that US Airways, Inc. provides scheduled airline services and operates as part of its service, a customer loyalty program featuring airline mileage or other travel credit or awards and including the Dividend miles program.

5. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 5 insofar as they relate to the current corporate charter of America West Airlines, Inc. and/or America West Holdings, except admits that

America West Airlines Inc. is a domestic airline offering frequent flyer miles to members of America West's Frequent Flyer Program.

6. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 6, except states that Juniper is a party to the August 8, 2005 co-branded card agreement among Juniper, America West and US Airways Group (the "Juniper Agreement").

7. Denies the averments of paragraph 7, except states that Bank of America and US Airways entered into a co-branded card agreement dated December 4, 2000, which was restated and amended by the Agreement, the term of which ends on December 3, 2008 unless renewed, and further refers to the Agreement for its contents.

8. Admits the averments of paragraph 8, except states that a copy of the Agreement was served on Juniper's counsel in connection with Bank of America's Motion for Partial Summary Judgment.

9. Admits the averments of paragraph 9 and refers to the January 1, 2001 Bank of America/America West Agreement for its contents.

10. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 10.

11. Denies the averments of paragraph 11, except admits that on May 19, 2005, America West Holdings and US Airways Group announced an agreement to merge, pending approval by the Bankruptcy Court overseeing US Airways Group's reorganization under Chapter 11 of the United States Bankruptcy Code, that the Bank of

America/America West agreement has an expiration date of December 3, 2005, and refers to the Bank of America/America West agreement for its contents.

12. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 12, except states that US Airways and Bank of America discussed extending the term of their co-branded card agreement.

13. Admits the averments of Paragraph 13, except refers to the Juniper Agreement for its contents, and states that US Airways Group acted for and on behalf of US Airways, Inc. in connection with the Juniper Agreement.

14. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 14, except states that US Airways discussed terms of the Agreement with Juniper.

15. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 15, except states that the Juniper Agreement recites the representations and warranties made by US Airways Group.

16. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 16.

17. Admits the averments of paragraph 17.

18. Admits the averments of paragraph 18.

19. States that it is without information sufficient to form a belief as to the truth of the averments of paragraph 19.

20. Admits the averments of paragraph 20, except refers to the Complaint for its contents and the full scope of Bank of America's allegations.

21. Denies the averments of paragraph 21, except refers to the Complaint for its contents and a complete statement of the relief Bank of America seeks.

22. Denies the averments of paragraph 22.

23. Repeats its responses to paragraphs 1 through 22 as if fully set forth herein.

24. Denies the averments of paragraph 24, except admits that Bank of America believes that US Airways breached its Agreement with Bank of America by entering into the Juniper Agreement and will further breach the Agreement by performing under the Juniper Agreement and that America West induced the breach and caused injury to Bank of America.

25. Denies the averments of paragraph 25.

26. Denies the averments of paragraph 26.

27. Denies the averments of paragraph 27.

First Defense

There is no federal subject matter jurisdiction over the Counterclaim.

Second Defense

The federal courts must and/or should abstain from hearing this Case.

Third Defense

The Counterclaim and the relief requested therein are barred by the terms of the Agreement.

Fourth Defense

The equitable doctrine of unclean hands prevents the relief requested in the Counterclaim.

Fifth Defense

The Counterclaim fails to state a claim upon which relief can be granted.

WHEREFORE, defendant Bank of America prays that this Court enter judgment in favor of Bank of America and against defendants, dismissing Juniper's Counterclaim in Intervention with prejudice and granting such other and further relief as the Court deems just and proper, including costs, disbursements and attorneys' fees.

POTTER ANDERSON & CORROON LLP

By: ______________________________
Richard L. Horwitz (#2246)
Kevin R. Shannon (#3137)
Brian C. Ralston (#3770)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
kshannon@potteranderson.com
bralston@potteranderson.com

*Attorneys for Plaintiffs*

OF COUNSEL:

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Dated: November 21, 2005

708410

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Brian C. Ralston, hereby certify that on November 21, 2005, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Kenneth J. Nachbar, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19801

David C. McBride, Esquire
Martin S. Lessner, Esquire
Christian Douglas Wright, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
Wilmington, DE 19899

By:_______________________

Richard L. Horwitz (#2246)
Kevin R. Shannon (#3137)
Brian C. Ralston (#3770)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kshannon@potteranderson.com
bralston@potteranderson.com