IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| BANK OF AMERICA, N.A. (USA), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-793 |
| | ) | |
| US AIRWAYS, INC., US AIRWAYS GROUP, | ) | |
| INC., and AMERICA WEST AIRLINES, INC., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| JUNIPER BANK, | ) | |
| | ) | |
| Intervenor. | ) | |

**ANSWER OF DEFENDANTS US AIRWAYS, INC.,
US AIRWAYS GROUP, INC., AND AMERICA WEST AIRLINES, INC.**

Defendants US Airways, Inc., US Airways Group, Inc., and America West, Inc.

("Defendants"), for their Answer to the Complaint, allege as follows:

1.     Defendants state that the first sentence of Paragraph 1 of the Complaint contains

legal conclusions and therefore requires no response.  Defendants admit the allegations in the

second sentence of Paragraph 1 of the Complaint.  As to the third sentence of Paragraph 1 of the

Complaint, Defendants state that the Agreement speaks for itself, and object to any attempt by

Plaintiff Bank of America, N.A. (USA) ("Plaintiff" or "Bank of America")  to characterize the

contents of the Agreement.  Further responding to the third sentence of Paragraph 1 of the

Complaint, Defendants state that the Agreement does not require that Plaintiff be the exclusive

issuer of co-branded cards in all.  Defendants deny each and every allegation in the fourth

sentence of Paragraph 1 of the Complaint. Defendants deny each and every allegation in the fifth sentence of Paragraph 1 of the Complaint. Defendants deny each and every allegation in the sixth sentence of Paragraph 1 of the Complaint, and further deny that their actions have caused Plaintiff any harm whatsoever. Defendants state that the seventh sentence of Paragraph 1 of the Complaint contains legal conclusions and therefore requires no response. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 1 of the Complaint.

2.     Defendants lack information or belief sufficient to admit or deny the allegations in Paragraph 2 of the Complaint and, on that basis, deny said allegations.

3.     Defendants admit the allegations in Paragraph 3 of the Complaint, except that US Airways, Inc. has its principal place of business in Tempe, Arizona.

4.     Defendants admit the allegations in the first sentence of Paragraph 4 of the Complaint, except that US Airways Group, Inc. has its principal place of business in Tempe, Arizona. Defendants admit the allegations in the second sentence of Paragraph 4 of the Complaint. Defendants deny each and every allegation in the third sentence of Paragraph 4 of the Complaint.

5.     Defendants admit the allegations in Paragraph 5 of the Complaint.

6.     Defendants admit the allegations in Paragraph 6 of the Complaint.

7.     Defendants admit the allegations in Paragraph 7 of the Complaint.

8.     Defendants admit that the Agreement was assumed in the bankruptcy proceedings, but Defendants allege that to the extent that Plaintiff claims that it is entitled to be the exclusive co-branded credit card for US Airways to the exclusion of Juniper Bank, its conduct in and during the proceedings by which the US Airways Plan of Reorganization was

confirmed affects its right and its ability to obtain remedies under the Agreement.  Except as

otherwise admitted herein, Defendants deny each and every allegation in Paragraph 8 of the

Complaint.

9.    Defendants admit the allegations in Paragraph 9 of the Complaint.

10.    Defendants admit the allegations in Paragraph 10 of the Complaint.

11.    Defendants admit the allegations in Paragraph 11 of the Complaint.

12.    Defendants admit the allegations in the first sentence of Paragraph 12 of the

Complaint.  Responding to the second sentence of Paragraph 12 of the Complaint, Defendants

state that the Agreement speaks for itself and therefore Defendants object to Plaintiff's attempt to

characterize its terms.  Further responding to the second sentence of Paragraph 12 of the

Complaint, Defendants state that the Agreement provided that it could be terminated prior to

December 31, 2008 under certain circumstances.  Except as expressly admitted herein,

Defendants deny each and every allegation in Paragraph 12 of the Complaint.

13.    Defendants state that the Agreement speaks for itself and therefore Defendants

object to Plaintiff's attempt to characterize its terms.

14.    Responding to the first sentence of Paragraph 14 of the Complaint, Defendants

state that the Agreement speaks for itself, and therefore Defendants object to Plaintiff's attempt

to characterize its terms.  Further responding to the first sentence of Paragraph 14 of the

Complaint, under some circumstances there can be two issuers of co-branded cards.  Responding

to the second sentence of Paragraph 14 of the Complaint, Defendants state that under some

circumstances, holders of the Bank of America card would not earn frequent flyer miles when

they used the Bank of America card.  Except as expressly admitted herein, Defendants deny each

and every allegation in Paragraph 14 of the Complaint.

DB02:5107734.1                                                                                                                    064703.1001

15.    Responding to the first sentence of Paragraph 15 of the Complaint, Defendants state that the agreement between Plaintiff and America West speaks for itself, and Defendants therefore object to Plaintiff's attempt to characterize its terms.  Further responding to the first sentence of Paragraph 15 of the Complaint, Defendants deny that the agreements are "similar" in a number of relevant parts.  Further, responding to the first sentence of Paragraph 15 of the Complaint, Defendants admit that a contract was entered into between Plaintiff and America West dated January 1, 2001 with an expiration date of December 31, 2005.  Responding to the second sentence of Paragraph 15 of the Complaint, Defendants state that the agreement between Plaintiff and America West speaks for itself, and Defendants therefore object to Plaintiff's attempt to characterize its terms.  Responding to the third sentence of Paragraph 15 of the Complaint, Defendants state that the agreement between Plaintiff and America West speaks for itself, and Defendants therefore object to Plaintiff's attempt to characterize its terms.  Further responding to the third sentence of Paragraph 15 of the Complaint, Defendants state that under some circumstances, holders of the America West card would not earn miles when they used the card.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 15 of the Complaint.

16.    Responding to the first sentence of Paragraph 16 of the Complaint, Defendants state that the Agreement speaks for itself, and Defendants object to Plaintiff's attempt to characterize its terms.  Further responding to the first sentence of Paragraph 16 of the Complaint, Defendants deny that the Agreement gives Bank of America the right under all circumstances to be the exclusive issuer of co-branded cards during the term of the Agreement because, under certain circumstances, including in the event of a merger between US Airways and another airline that has a contract with another bank to issue a co-branded credit card, US Airways may

064703.1001

allow both banks to issue co-branded cards under a "dual program." Defendants admit that the quoted language from the Agreement is accurate, although it is modified by the "dual program" provisions set forth elsewhere in the Agreement in the event of a merger. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 16 of the Complaint.

17.    Responding to Paragraph 17 of the Complaint, Defendants state that the Agreement speaks for itself and therefore Defendants object to Plaintiff's attempt to characterize its terms. Further responding to the allegations in Paragraph 17 of the Complaint, Defendants state that the Agreement clearly and unambiguously permits them to allow Juniper Bank to issue co-branded cards as a result of the US Airways merger with America West. Defendants deny each and every allegation in Paragraph 17 of the Complaint.

18.    Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 18 of the Complaint, and on that basis deny these allegations.

19.    Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 19 of the Complaint, and on that basis deny these allegations. Defendants further state that Plaintiff has mischaracterized the operative provisions of the Agreement and, on that basis as well, Defendants deny each and every allegation in Paragraph 19 of the Complaint.

20.    Defendants admit the allegations in Paragraph 20 of the Complaint.

21.    Responding to Paragraph 21 of the Complaint, Defendants state that the Agreement speaks for itself, and Defendants object to Plaintiff's attempt to characterize its terms.

22.    Defendants admit that they have fulfilled their obligations as required by the Agreement, and further state that they continue to do so. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 22 of the Complaint.

23.    Defendants admit the allegations in Paragraph 23 of the Complaint.

24.    Responding to Paragraph 24 of the Complaint, America West, Inc. and US Airways Group, Inc. admit that they entered into a contract pursuant to which US Airways Group would permit Juniper to offer a Juniper co-branded card to US Airways frequent fliers starting on or about January 1, 2006.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 24 of the Complaint.

25.    Defendants admit the allegations in Paragraph 25 of the Complaint, although Defendants state that Plaintiff mischaracterizes the nature of the Exclusivity provision of the Agreement.

26.    America West, Inc. and US Airways Group, Inc. admit that on August 8, 2005, they entered into an agreement to amend the January 25, 2005 Agreement between Juniper and America West and to assign that amended agreement to US Airways Group such that Juniper would be authorized to issue co-branded cards for the new US Airways Group frequent flyer program starting on or about January 1, 2006, and that the amended agreement became operational on September 27, 2005 (the "Amended Juniper Agreement").  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 26 of the Complaint.

27.    Defendants state that the Amended Juniper Agreement amends the January 25, 2005 agreement between Juniper and America West and assigns the Amended Juniper Agreement to US Airways Group, and that, under the Amended Juniper Agreement, Juniper may offer a co-branded card that is likely to compete with the Bank of America co-branded card. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 27 of the Complaint.

DB02:5107734.1                                     064703.1001

28.    Defendants state that US Airways Group, Inc. entered into the Amended Juniper Agreement, and that US Airways, Inc.'s performance is required under the Amended Juniper Agreement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 28 of the Complaint.

29.    Defendants deny each and every allegation in Paragraph 29 of the Complaint.

30.    Defendants deny each and every allegation in Paragraph 30 of the Complaint.

31.    Defendants deny each and every allegation in Paragraph 31 of the Complaint, although Defendants reserve the right to take actions relating to the marketing of the Bank of America co-branded card that are permitted by the Agreement.

32.    Defendants deny each and every allegation in Paragraph 32 of the Complaint, and further deny that Plaintiff has been injured in any manner whatsoever.

33.    Defendants deny each and every allegation in Paragraph 33 of the Complaint, and further deny that Plaintiff has been injured or harmed in any manner whatsoever, or that Plaintiff will be injured or harmed in any manner whatsoever absent an injunction.

34.    Defendants deny each and every allegation in Paragraph 34 of the Complaint, and further deny that Plaintiff has been injured or harmed in any manner whatsoever, or that Plaintiff will be injured or harmed in any manner whatsoever absent an injunction, or that it is impossible to quantify any damages that Bank of America might have (or might in the future) theoretically sustain even were Defendants' conduct somehow improper.

35.    Defendants deny each and every allegation in Paragraph 35 of the Complaint, and further deny that Plaintiff has been injured or harmed in any manner whatsoever, or that Plaintiff will be injured or harmed in any manner whatsoever absent an injunction.

DB02:5107734.1                                                                    064703.1001

36.    Defendants deny each and every allegation in Paragraph 36 of the Complaint, and further deny that Plaintiff has been injured or harmed in any manner whatsoever, or that Plaintiff will be injured or harmed in any manner whatsoever absent an injunction.

37.    Defendants reallege and incorporate by reference its allegations in Paragraphs 1 through 36 of this Answer, inclusive.

38.    Defendants admit the allegations in Paragraph 38 of the Complaint.

39.    Defendants deny each and every allegation in Paragraph 39 of the Complaint.

40.    Responding to Paragraph 40 of the Complaint, Defendants state that the Agreement speaks for itself, and therefore Defendants object to Plaintiff's attempt to characterize its terms.

41.    Defendants deny each and every allegation in Paragraph 41 of the Complaint.

42.    Defendants deny each and every allegation in Paragraph 42 of the Complaint, and further deny that Plaintiff has been injured or harmed in any manner whatsoever, or that Plaintiff will be injured or harmed in any manner whatsoever absent an injunction.

43.    Defendants reallege and incorporate by reference the allegations in Paragraphs 1 through 42 of this Answer, inclusive.

44.    Defendants admit the allegations in Paragraph 44 of the Complaint.

45.    Defendants deny each and every allegation in Paragraph 45 of the Complaint.

46.    Responding to Paragraph 46 of the Complaint, Defendants state that the Agreement speaks for itself, and therefore Defendants object to Plaintiff's attempt to characterize its terms.

47.    Defendants deny each and every allegation in Paragraph 47 of the Complaint.

48.     Defendants deny each and every allegation in Paragraph 48 of the Complaint, and further deny that Plaintiff has been injured or harmed in any manner whatsoever, or that Plaintiff will be injured or harmed in any manner whatsoever absent an injunction.

49.     Defendants reallege and incorporate by reference the allegations in Paragraphs 1 through 48 of this Answer, inclusive.

50.     Defendants admit the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny each and every allegation in Paragraph 51 of the Complaint.

52.     Defendants deny each and every allegation in Paragraph 52 of the Complaint.

53.     Defendants deny each and every allegation in Paragraph 53 of the Complaint.

54.     Defendants deny each and every allegation in Paragraph 54 of the Complaint, and further deny that Plaintiff has been injured or harmed in any manner whatsoever, or that Plaintiff will be injured or harmed in any manner whatsoever absent an injunction.

55.     Defendants reallege and incorporate by reference the allegations in Paragraphs 1 through 54 of this Answer, inclusive.

56.     Defendants deny each and every allegation in Paragraph 56 of the Complaint.

57.     Defendants deny each and every allegation in Paragraph 57 of the Complaint.

58.     Defendants deny each and every allegation in Paragraph 58 of the Complaint.

59.     Defendants deny each and every allegation in Paragraph 59 of the Complaint.

60.     Defendants deny each and every allegation in Paragraph 60 of the Complaint, and further deny that Plaintiff has been injured or harmed in any manner whatsoever, or that Plaintiff will be injured or harmed in any manner whatsoever absent an injunction.

DB02:5107734.1                                                                    064703.1001

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (failure to state a claim)

61.     Defendants allege that the Complaint, and each and every claim for relief therein, fails to state a claim upon which relief may be granted, and on that basis should be dismissed.

### Second Affirmative Defense (waiver)

62.     Defendants allege that Plaintiff knowingly and intentionally waived any right it might have had to exclusivity under the Agreement by knowingly and intentionally allowing Defendants to negotiate with Juniper Bank and standing by while Defendants entered into the Amended Juniper Agreement without asserting that doing so would be a violation of the Agreement.

63.     Alternatively, Defendants allege that Plaintiff knowingly and intentionally waived any right it might have had to exclusivity by participating in the confirmation proceedings in the Bankruptcy Court in which the Amended Juniper Agreement was a necessary precondition to approval of Defendants' reorganization plan.  Plaintiff did not object to the Amended Juniper Agreement during those proceedings, but rather allowed the contract to become final and the Plan to be confirmed without any objection that might put any party on notice of its claim that the Amended Juniper Agreement was in any way improper.

### Third Affirmative Defense (estoppel)

64.     Defendants allege that Plaintiff is estopped from asserting any right of exclusivity it might have under the Agreement because, by knowingly allowing without objection Defendants to negotiate, and consummate the Amended Juniper Agreement, Plaintiff caused Defendants (and other parties) to change their position irreparably.

65.    Alternatively, Defendants allege that Plaintiff is estopped from asserting any right of exclusivity it might have under the Agreement because, by knowingly allowing the Bankruptcy Court to approve Defendants' Plan of Reorganization and thereby allowing Juniper to pay hundreds of millions of dollars in reliance upon the Amended Juniper Agreement, and causing other investors to invest substantial sums in Defendants in part on the strength of the Amended Juniper Agreement, Plaintiffs have caused numerous parties to rely to their detriment on Plaintiff's silence and apparent acquiescence in the Amended Juniper Agreement.

### Fourth Affirmative Defense (laches)

66.    Defendants allege that Plaintiff was aware of all the alleged facts set forth in its Complaint before Defendants' Plan of Reorganization was filed, and certainly before it was approved by the Bankruptcy Court.  By waiting without any cause or reason until after the Plan was approved and parties irreparably changed their position in reliance on that plan, Plaintiff is barred by laches from asserting that the Juniper contract is in any way inconsistent with Plaintiff's rights under the Agreement.

### Fifth Affirmative Defense (privilege)

67.    Defendants allege that US Airways Group, Inc., as the parent corporation of US Airways, Inc., has a privilege with regard to its actions relating to US Airways, Inc., and that such privilege protects it from the third claim for relief in the Complaint.  Defendants further allege that America West, as US Airways' merger partner, had a privilege with regard to the third and fourth claims for relief in the Complaint.

### Sixth Affirmative Defense (unclean hands)

68.    Defendants allege that Plaintiff is barred from asserting the claims in its Complaint by virtue of its unclean hands by virtue of its decision to allow Defendants to

11

negotiate with Juniper Bank and ultimately to consummate an agreement with Juniper Bank

without objection, by virtue of allowing Defendants to put forth a Plan of Reorganization that

depended upon the Juniper Bank contract and that could not have been approved if that contract

was inappropriate, and by virtue of lying in wait during the confirmation proceedings and not

raising therein the claims for relief asserted in the instant complaint.  Worse, Plaintiff filed an

"objection" in the Bankruptcy Court in an effort to obtain a carve-out in the order confirming the

reorganization plan that would allow Plaintiff to assert claims notwithstanding the

reorganization.  To obtain that order without alerting Defendants and the other parties in the

Bankruptcy Court, or the Bankruptcy Judge, Plaintiff represented that its objection would not

impair the reorganized entity, and that the petition to confirm the Plan of Reorganization need

not be renoticed because Plaintiff's limited objection would not affect any other party (including

the parties investing almost a half billion dollars in Defendants).  In fact, to the extent that

Plaintiff intended to preserve a claim that would enjoin the Juniper Bank contract (presumably

requiring Defendants to repay the sums Juniper paid to them under the contract), the claim is

material to the reorganization and would greatly affect the other parties appearing in the

confirmation proceedings.  As a result of that conduct, Juniper Bank has paid Defendants

approximately $455 million pursuant to its contract with Defendants, and other investors have

invested over a half billion dollars in Defendants.  Further, Defendants have spent much of the

money it received through the reorganization to pay down debt and for other purposes.

### Seventh Affirmative Defense (Bankruptcy jurisdiction)

69.     Defendants allege that Plaintiff has filed a claim in the Bankruptcy Court that

includes the claims set forth in the Complaint.  By filing those claims, Plaintiff has submitted to

the Bankruptcy Court's jurisdiction, and these claims have become part of the Bankruptcy

Court's core proceedings.  Accordingly, Plaintiff's claims should be adjudicated in the

Bankruptcy Court and not in this Court.

### Eighth Affirmative Defense (arbitration)

70.     The Agreement contains an arbitration provision.  In the event that this matter is

not resolved in the Bankruptcy Court, then it should be resolved by way of arbitration.

WHEREFORE, Defendants pray for judgment as follows:

1.     Dismissing the Complaint with prejudice;

2.     Awarding Defendants their costs and disbursements in this action, together with

reasonable attorneys' fees; and

3.     Awarding such other relief as this Court deems just and proper.

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

David C. McBride (#408)
Martin S. Lessner (#3109)
Christian Douglas Wright (#3554)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6600
cwright@ycst.com

*Attorneys for Defendants US Airways, Inc.,
US Airways Group, Inc. and America West
Airlines, Inc.*

OF COUNSEL:

MUNGER, TOLLES & OLSON LLP
Mark H. Epstein
Kristin Linsley Myles
355 South Grand Avenue, 35th Floor
Los Angeles, CA  90071-1560
(213) 683-9100

DATED:  November 22, 2005

13

## CERTIFICATE OF SERVICE

I, Christian Douglas Wright, Esquire, hereby certify that on November 22, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> Kevin R. Shannon, Esquire
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> PO Box 951
> Wilmington, DE 19899-0951
>
> Kenneth J. Nachbar, Esquire
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on November 22, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record

> YOUNG CONAWAY STARGATT
> & TAYLOR, LLP
>
> Christian Douglas Wright (#3554)
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391
> (302) 571-6600
> cwright@ycst.com
>
> *Attorneys for Defendants US Airways, Inc.,*
> *US Airways Group, Inc. and America West*
> *Airlines, Inc.*