# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DiPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DiLIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS

RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY

ATHANASIOS E. AGELAKOPOULOS
JOSEPH M. BARRY
SEAN M. BEACH
DONALD J. BOWMAN, JR.
TIMOTHY P. CAIRNS
KARA HAMMOND COYLE
CURTIS J. CROWTHER
MARGARET M. DiBIANCA
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
DANIELLE GIBBS
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
RICHARD S. JULIE
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. McDERMOTT
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
JOHN J. PASCHETTO
ADAM W. POFF
SETH J. REIDENBERG
FRANCIS J. SCHANNE
MICHELE SHERRETTA
MICHAEL P. STAFFORD
JOHN E. TRACEY
MARGARET B. WHITEMAN
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6691
DIRECT FAX:  (302) 576-3347
CWRIGHT@YCST.COM

SPECIAL COUNSEL
JOHN D. McLAUGHLIN, JR.
ELENA C. NORMAN (NY ONLY)
KAREN L. PASCALE
PATRICIA A. WIDDOSS

OF COUNSEL
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

November 23, 2005

**BY ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 N. King Street
Wilmington, DE 19801

     Re:    ***Bank of America, N.A. (USA) v. US Airways, Inc., et al.,***
            **Civil Action No. 05-793-JJF**

Dear Judge Farnan:

On behalf of defendants US Airways, Inc., US Airways Group, Inc., and America West Airlines, Inc. (collectively, "US Airways"), I write in response to Mr. Horwitz's letter addressed to Dr. Dalleo requesting expedited scheduling of the motion to remand filed by plaintiff Bank of America, N.A. (USA) ("Bank of America"). Bank of America asks this Court to expedite briefing and resolution of its motion to remand, filed on the day before Thanksgiving, and put it ahead of the motion US Airways filed a week ago to transfer this matter to the Eastern District of Virginia, where the bankruptcy action is pending. For the reasons set forth below, US Airways respectfully suggests that Bank of America's request be denied.

A week ago, US Airways filed a motion to transfer the matter to the Eastern District of Virginia. Initially, Bank of America agreed to the immediate transfer of the action, without prejudice to their right to seek remand from that court on an expedited basis. Bank of America further stated that it would promptly file its remand motion on November 18, 2005. (For its part, US Airways agreed that the motion to remand should be briefed on an expedited basis in the Eastern District of Virginia.)[1]

But Bank of America did not file its motion promptly. Instead, it sat on its motion until the day before Thanksgiving, notwithstanding multiple inquiries from US Airways as to

---

[1]   The relevant correspondence between counsel on these points is attached as Exhibit A.

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Joseph J. Farnan, Jr.
November 23, 2005
Page 2

when the motion would be filed. Moreover, yesterday, without warning, Bank of America changed its position on transferring the matter to the Eastern District of Virginia. Its new position is that the recently-filed Motion to Remand jump to the head of the line and be resolved before the motion to transfer.

US Airways suggests that the better procedure is the one upon which the parties initially agreed: to transfer the matter to the Eastern District of Virginia to resolve all issues in the case, including the remand motion. This is so for a number of reasons, primarily because the issues in the case are intertwined with the Bankruptcy Court proceedings. As is true in almost any Chapter 11 bankruptcy proceeding, one critical procedure is the confirmation of the Plan of Reorganization. And one of the critical elements of that confirmation process is the determination whether the proposed Plan of Reorganization is viable, such that the reorganized entity can move forward without bankruptcy protection. Here, the ability to move forward depended upon US Airways having adequate unrestricted liquidity post confirmation. As the papers supporting the plan make clear, the Juniper co-branded card agreement – the agreement that is at the heart of the instant case – was specifically disclosed and was an important element in obtaining that liquidity. Among other things, the Juniper co-branded card agreement provided the immediate liquidity infusion of $455 million to US Airways. Moreover, the vast bulk of the funding to US Airways set forth in the Plan of Reorganization was mutually interdependent. That is, each major funding source depended upon the others being willing and able to fulfill their obligations. All of this was considered by Judge Mitchell in the confirmation proceedings, and it was, of course, known to Bank of America. Through the instant case, Bank of America is attempting to enjoin the performance of the Juniper co-branded card agreement, a contract that was one of the critical and necessary bases for the Bankruptcy Court's confirmation of the Plan.

In addition, during the confirmation process, Bank of America filed a "Limited Objection" to the Plan of Reorganization by which it sought (successfully) to insert language in the Confirmation Order stating that nothing therein was intended to affect Bank of America's rights related to its co-branded card agreement with US Airways. In support of that modification to the proposed confirmation order, Bank of America assured the Bankruptcy Court and the parties that the language it proposed (and the rights that would be reserved) would not materially affect the Plan of Reorganization. Yet that assurance is flatly inconsistent with the relief Bank of America now seeks: to enjoin performance of one of the contracts upon which the Bankruptcy Court relied in finding that the reorganized entity would be viable.

To be sure, Bank of America disputes the import of the foregoing facts. But given the unique facts of this case, the issues raised by the remand motion, including how intertwined this action is with the bankruptcy proceedings and how much of an impediment the relief sought by Bank of America in this action is to the ultimate consummation of the Plan, are ones that the Bankruptcy Court that presided over those proceedings can best determine. Nor can Bank of America be heard to complain of such a process. Indeed, Bank of America was expressly willing to agree to this transfer less than a week ago.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
November 23, 2005
Page 3

The Court should deny Bank of America's request for expedited briefing for a second reason: Bank of America's letter to the Court seeking expedited briefing is incomplete and misleading. For example, Bank of America nowhere discloses the agreement discussed above whereby this matter would be transferred to the Eastern District of Virginia and the remand motion would be decided on an expedited basis there. Relatedly, while Bank of America asserts that US Airways' removal was designed as a delaying tactic, it fails to inform the Court that, as part of the agreement discussed above, US Airways was willing to adhere to the summary judgment briefing schedule in the federal court that had been entered by Vice Chancellor Strine.[2] US Airways agreed to this schedule because it meant that there would be no need to debate or file further papers relating to the transfer motion, and the remand motion would be filed quickly so that a prompt response could be filed that would not unduly interfere with the summary judgment opposition.

In addition, it was only yesterday that, for the first time, Bank of America asserted that if they could not be heard in the Chancery Court, then they wanted to start all over again in an arbitral proceeding. That is a completely new issue that US Airways will have to research and brief before the remand motion can be resolved.[3]

Accordingly, US Airways respectfully requests that its first-filed transfer motion to transfer be decided before the remand motion is heard. The matter should be transferred to the Eastern District of Virginia, where all issues relating to this case can be decided, including the motion to remand.

Respectfully submitted,

Christian Douglas Wright (#3554)

CDW:mmi
Enclosures
cc:    Clerk of the Court (by hand delivery)
       Richard L. Horwitz, Esquire (by electronic filing and hand delivery)
       Kenneth J. Nachbar, Esquire (by electronic filing and hand delivery)
       Mark H. Epstein, Esquire (by electronic mail)

---

[2]    At the hearing before Vice Chancellor Strine in which the briefing schedule was set, US Airways disclosed its intent to remove (which it did the next day), but agreed to discuss a briefing schedule in the event that for some reason the removal did not go forward. US Airways did *not* agree that the briefing schedule would be binding in federal court if it had to respond to additional motions, especially those that were filed on the day before a holiday weekend.

[3]    The fact that Bank of America would rather start the entire litigation all over again rather than be heard promptly by the Bankruptcy Court calls into question its claim that an immediate resolution of a $455 million dispute is critical.