

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

November 28, 2005

**VIA E-FILE**

The Honorable Joseph J. Farnan, Jr.
U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street, Room 4209
Wilmington, DE 19801

Re: **Bank of America, N.A. (USA) v. US Airways, Inc., et al.
D. Del., C.A. No. 05-793 (JJF)**

Dear Judge Farnan:

We represent plaintiff Bank of America in the above-titled action and write in response to the November 23, 2005 letter of US Airways in opposition to Bank of America's request for expedited consideration of its motion to remand. That letter further demonstrates the need for the Court's assistance in establishing an expedited briefing schedule on Bank of America's motion to remand, which was filed on November 23, 2005.

Bank of America commenced this action in the Delaware Chancery Court to enforce its rights under its co-branded card agreement with US Airways, Inc. (the "Agreement"). US Airways breached the Agreement by, among other things, agreeing to permit Juniper Bank to issue a competing card. As soon as possible after filing suit under the Chancery Court Rules, Bank of America filed a motion for partial summary judgment on the narrow issue of whether US Airways breached the Agreement. Since Juniper plans to begin issuing its card on January 1, 2006, Vice Chancellor Strine set a schedule for briefing and argument that would permit him to decide the motion prior to the end of the year.

Before Vice Chancellor Strine could consider Bank of America's summary judgment motion, US Airways removed the case to this Court, seeking transfer to the United States District Court for the Eastern District of Virginia for referral to the bankruptcy court that handled US Airways' bankruptcy (the "Bankruptcy Court"). Juniper, which was allowed to intervene in the case, joined in the removal. As is explained in Bank of America's remand papers, however, there is no basis for the bankruptcy court to hear the case, because: (1) there is no federal subject matter jurisdiction over the case; (2) in any event, the federal courts are required to abstain from hearing this case under the mandatory abstention statute; and (3) even if

The Honorable Joseph J. Farnan, Jr.
November 28, 2005
Page 2

the Court were not required to abstain from hearing the case, it should exercise its discretion not to hear the case.

US Airways opposes Bank of America's request for expedited consideration of its motion to remand for the same reason that US Airways removed the case and now seeks to transfer it to the Eastern District of Virginia -- to delay resolution of Bank of America's motion for summary judgment until after January 1, 2006, when Juniper intends to enter the market. There is no other reason for US Airways to oppose Bank of America's request for expedited consideration. As US Airways knows, no court can consider Bank of America's summary judgment motion or order US Airways not to issue a Juniper card until the motion to remand is decided.

Although Bank of America disagrees with most of the assertions in US Airways' letter, we will not burden the Court here with a point-by-point refutation. If anything, US Airways' letter demonstrates that there is no reason that Bank of America's remand motion should not be decided on an expedited basis. Not only does US Airways devote most of its letter to the merits of the remand motion (indicating that there is no reason that it cannot respond on an expedited basis), but US Airways' few arguments against expeditious resolution of the remand motion also do not withstand scrutiny.

US Airways contends that Bank of America's motion to remand should not be considered on an expedited basis on the grounds that Bank of America has been dilatory. That is false. Bank of America commenced this case within weeks of the effective date of US Airways' agreement with Juniper, which, if performed, would result in irreparable injury to Bank of America. Bank of America undertook to move for partial summary judgment at the earliest possible time -- within twenty days of the commencement of the case. Bank of America successfully requested a briefing schedule in Delaware Chancery Court which (until US Airways removed the case) would have allowed Bank of America's summary judgment motion to be decided by year end. While US Airways waited until the last possible moment to remove the case, and did so with only a day's prior notice, Bank of America moved to remand just eight days later (nearly three weeks before the rules require). Finally, Bank of America promptly asked this Court to consider its motion to remand on an expedited basis.

US Airways also contends that the Court should not consider Bank of America's motion to remand on an expedited basis because Bank of America initially expressed a willingness to consent to the transfer of the case to Virginia for expedited consideration of its motion to remand. That is, of course, not a basis for refusing expedited consideration. Bank of America did consider consenting to a transfer to Virginia -- but solely as a means of expediting remand of the case to Delaware Chancery Court. What US Airways fails to inform the Court is that one of the reasons Bank of America ultimately elected to oppose US Airways' transfer motion was that US Airways declined to agree to an expedited schedule for briefing and argument of the remand motion in Virginia. Another reason Bank of America did not consent was that it became clear (based in part on US Airways' refusal to agree to an expedited briefing schedule) that, even if Bank of America consented to a transfer of the case to Virginia, the case

The Honorable Joseph J. Farnan, Jr.
November 28, 2005
Page 3

would never, as a practical matter, make its way back to Chancery Court in time to be decided on the schedule set by Vice Chancellor Strine.

Perhaps most importantly, as Bank of America has pointed out to US Airways (but as US Airways fails to mention), courts in this district have held that a district court should not transfer a case before determining whether it has jurisdiction. *See In re Tricord Sys., Inc.*, 2003 WL 1565945 (Bankr. D. Del. March 24, 2003); *Lone Star Indus., Inc. v. Liberty Mutual Ins. Co.*, 131 B.R. 269, 273 (D. Del. 1991). (Both decisions are attached hereto as Exhibit A.) That is exactly the question presented by Bank of America's motion to remand. Thus, even if (contrary to fact) US Airways had agreed to expedited briefing of Bank of America's motion to remand in Virginia and Bank of America had consented to the transfer, the Court should decide the jurisdictional question presented by Bank of America's remand motion before it decides whether to transfer the case. If the Court lacks jurisdiction, it cannot transfer the case. Moreover, if (as we believe) there is no basis in this case for federal subject matter jurisdiction, then transferring the case would serve only to delay the resolution of Bank of America's pending motion for summary judgment until next year. While that is plainly US Airways' objective, it is not a basis for denying expeditious consideration of Bank of America's motion to remand.

As explained in our memorandum in support of the motion to remand, expeditious resolution of this motion, and the motion for partial summary judgment, is critical in order to avoid irreparable injury to Bank of America. Accordingly, Bank of America requests that the Court conduct a brief teleconference at its earliest convenience in order to establish a briefing schedule for Bank of America's motion to remand.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz (I.D. No. 2246)

RLH/slh/708887
cc:  Clerk of the Court (Via Hand Delivery)
     Kenneth J. Nachbar, Esquire (Via E-File)
     Christian Douglas Wright, Esquire (Via E-File)