UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

BANK OF AMERICA, N.A. (USA),

                Plaintiff,

vs.

US AIRWAYS, INC., US AIRWAYS GROUP,
INC. and AMERICA WEST AIRLINES, INC.,

                Defendants,

and

JUNIPER BANK,

                Intervenor.

Case No. 1:05-CV-793-JJF

## MEMORANDUM OF PLAINTIFF BANK OF AMERICA IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER

Of Counsel:

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (#2246)
Kevin R. Shannon (#3137)
Brian C. Ralston (#3770)
Hercules Plaza
1313 N. Market Street
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
kshannon@potteranderson.com
bralston@potteranderson.com

*Attorneys for Plaintiff*

Dated: November 30, 2005

# TABLE OF CONTENTS

                                                                                                                                                    Page

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................... 3

    I.     THE COURT SHOULD NOT TRANSFER THIS CASE TO VIRGINIA, BECAUSE IT DOES NOT HAVE SUBJECT MATTER JURISDICTION TO HEAR THE CASE ................................. 3

    II.    EVEN IF THE COURT HAD JURISDICTION, THIS ACTION SHOULD NOT BE TRANSFERRED ....................................................... 6

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565 (D. Del. 2001) ............................. 8

*Datex-Ohmeda, Inc. v. Hill-Rom Servs., Inc.*, 185 F. Supp. 2d 407 (D. Del. 2002) ........ 6, 8

*Hechinger Liquidation Trust v. Fox (In re Hechinger Inv. Co. of Del., Inc.)*,
  296 B.R. 323 (Bankr. D. Del. 2003) ............................................................................. 6

*In re Grace Cmty., Inc.* 262 B.R. 625 (Bankr. E.D. Pa. 2001) ....................................... 4, 5

*In re Tricord Sys., Inc.*, No. 02-82361, ADV. 02-4943(MFW), 2003 WL 1565945
  (Bankr. D. Del. Mar. 24, 2003) ................................................................................. 4, 5

*Kotlicky v. Belford*, 64 B.R. 679 (N.D. Ill. 1986) ............................................................. 8

*Lone Star Indus., Inc. v. Liberty Mut. Ins.*, 131 B.R. 269 (D. Del. 1991) ...................... 4, 5

*Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*,
  306 B.R. 746 (S.D.N.Y. 2004) ..................................................................................... 7

*Stahl v. Stahl*, No. 03 Civ.0405 VM, 2003 WL 22595288 (S.D.N.Y. Nov. 7, 2003) ..... 5, 6

*Stamm v. Rapco Foam, Inc.*, 21 B.R. 715 (Bankr. W.D. Pa. 1982) ................................... 8

*Stratos Lightwave, Inc., v. E20 Commc'ns, Inc.*, C.A. No. 01-309-JJF,
  2002 U.S. Dist. LEXIS 5653 (D. Del. Mar. 26, 2002) ............................................. 8, 9

*Studebaker-Worthington Leasing Corp. v. Michael Rachlin & Co., LLC*,
  357 F. Supp. 2d 529 (E.D.N.Y. 2004) ......................................................................... 5

**Statutes**

28 U.S.C. § 1334 ............................................................................................................ 4, 5

28 U.S.C. § 1404 ......................................................................................................... 3, 6, 9

28 U.S.C. § 1412 ..................................................................................................... passim

28 U.S.C. § 1452 ............................................................................................................... 4

Plaintiff Bank of America, N.A. (USA) ("Bank of America") respectfully submits this memorandum in opposition to the motion of US Airways, Inc., US Airways Group, Inc., and America West Airlines, Inc. (collectively, "US Airways"), to transfer this action, in which Juniper Bank ("Juniper") was allowed to intervene, to the United States District Court for the Eastern District of Virginia.

## PRELIMINARY STATEMENT

US Airways removed this action and now seeks to transfer it to the United States District Court for the Eastern District of Virginia. It does so to thwart resolution of the case before January 1, 2006, when US Airways intends to issue a co-branded credit card with Juniper in breach of US Airways' contractual obligations to Bank of America. This Court should deny US Airways' motion to transfer because, as Bank of America demonstrates in its memorandum in support of its motion to remand,[1] this Court lacks subject matter jurisdiction and must abstain from hearing the case. Consequently, the case must be remanded to Delaware Chancery Court, rendering US Airways' present motion to transfer moot.

Bank of America brought the present action on October 12, 2005 in the Delaware Chancery Court to enforce its rights under its co-branded credit card agreement with US Airways, Inc. (the "Agreement"). US Airways breached the Agreement by, among other things, permitting Juniper to issue a competing credit card commencing January 1, 2006. As soon as possible after filing suit, Bank of America filed a motion for partial summary judgment on the issue of whether US Airways breached the Agreement.

---

[1] Bank of America respectfully refers this Court to Bank of America's Memorandum in Support of its Motion to Remand and the accompanying affidavit of Brian C. Ralston, filed November 23, 2005, and hereby incorporates by reference all of the facts and argument therein.

Bank of America requested an expedited briefing schedule of its motion, since Juniper plans to begin issuing its card on January 1, 2006. Vice Chancellor Strine accordingly set a schedule for briefing and argument that would permit him to decide the motion before the end of the year.

Before Vice Chancellor Strine could consider Bank of America's summary judgment motion, US Airways removed the case to this Court, subsequently seeking to transfer it to the United States District Court for the Eastern District of Virginia for referral to the bankruptcy court that handled US Airways' bankruptcy (the "Bankruptcy Court"). Juniper joined in the removal. As is explained in Bank of America's remand papers, there is no basis for the Bankruptcy Court to hear the case, because: (1) there is no federal subject matter jurisdiction over the case; (2) in any event, the federal courts are required to abstain from hearing this case under the mandatory abstention statute; and (3) even if the Court were not required to abstain from hearing the case, the Court should exercise its discretion not to hear the case, because the case raises only state law claims that relate to a contract that was entered into prior to US Airways' bankruptcy proceeding, and these claims arose after confirmation of US Airways' plan of reorganization. Bank of America has requested that this Court hear its remand motion on an expedited basis.

US Airways purports to transfer this action to the Eastern District of Virginia for the purpose of its being referred to the Bankruptcy Court. In truth, the only reason for this transfer motion is to delay the resolution of Bank of America's bid for summary judgment until after Juniper has entered the market with its credit cards. If the case were transferred to the Bankruptcy Court, it would eventually be transferred back to

Delaware for want of subject matter jurisdiction. By the time the case made its way back to this Court, and then to the Chancery Court, US Airways would have succeeded in forestalling the timely resolution of Bank of America's motion for summary judgment.

The law in this district is clear that, in circumstances like these, the Court should first determine whether it has subject matter jurisdiction before considering whether to transfer the case to another court. Not only does that make sense from a jurisprudential standpoint (since a court cannot act without jurisdiction), but it also makes sense from an efficiency standpoint—there is simply no justification for a court to expend time and resources deciding a motion to transfer an action that will ultimately be remanded to state court. As stated in Bank of America's removal papers, there is no basis for the exercise of federal subject matter jurisdiction. Thus, the Court should remand the case to Delaware Chancery Court. Even if the case were susceptible to federal subject matter jurisdiction, however, it should still not be transferred under either 28 U.S.C. § 1412 or § 1404(a).

## ARGUMENT

### I. THE COURT SHOULD NOT TRANSFER THIS CASE TO VIRGINIA, BECAUSE IT DOES NOT HAVE SUBJECT MATTER JURISDICTION TO HEAR THE CASE.

US Airways seeks to have its transfer motion decided prior to a decision on Bank of America's motion to remand. While that timing may suit US Airways' strategy of delay, it is not consistent with the relevant case law in the Third Circuit. As a threshold matter, this Court must first determine whether it has subject matter jurisdiction

over this case.[2] The plain language of 28 U.S.C. § 1412 (the statute under which US Airways seeks to transfer), as well as § 1452(a),[3] precludes the District Court's consideration of a motion to transfer prior to addressing jurisdictional issues.

The law in this district is clear that the Court should determine whether it has subject matter jurisdiction before considering whether to transfer the case to another venue. *See Lone Star Indus., Inc. v. Liberty Mut. Ins.*, 131 B.R. 269, 273 (D. Del. 1991) ("as a logical and practical matter, the court should determine *whether any* bankruptcy court should hear a proceeding before it determines *which* bankruptcy court should hear it"); *In re Tricord Sys., Inc.*, No. 02-82361, ADV. 02-4943(MFW), 2003 WL 1565945, at *2 (Bankr. D. Del. Mar. 24, 2003) (holding that logic and practical principles of jurisprudence require that a remand motion be determined before a transfer of venue motion) (Exhibit A hereto).[4]

---

[2] Indeed, US Airways in its memorandum in support of its transfer motion implicitly acknowledges the need to determine the jurisdiction issue first: much of its brief is merely a reprise of its memorandum in support of its removal of this action.

[3] US Airways purports to have removed this action pursuant to § 1452(a), which provides: "A party may remove any claim or cause of action . . . to the district court for the district where such civil action is pending, *if such district court has jurisdiction of such claim or cause of action* under section 1334". 28 U.S.C. § 1452(a) (emphasis added). Thus, under § 1452(a), the case before this Court could be removed only to the District of Delaware, and that removal would only be proper if "such district court has jurisdiction". The plain language of § 1452(a) therefore precludes the District Court's consideration of a motion to transfer prior to addressing the jurisdictional issues—both because the target transferee court would not be the appropriate district specified in the statute, and because the Court could have no power to transfer a case that could not have been removed to it as an initial matter. *See In re Grace Cmty., Inc.*, 262 B.R. 625, 629 (Bankr. E.D. Pa. 2001) ("Jurisdiction is always a threshold issue; the better approach is to determine first if an action has been properly removed and if the court has subject matter jurisdiction.").

[4] Upon receipt of US Airways' motion to transfer, Bank of America considered consenting to a transfer of the case to Virginia on the theory that it could expedite remand of the case to Delaware Chancery Court. Bank of America ultimately did not consent to

4

In *Tricord*, a case with facts similar to those here, the court determined that it first had to resolve the motion to remand to the Court of Chancery of the State of Delaware before it could consider the motion to transfer to the United States Bankruptcy Court for the District of Minnesota: "We begin our consideration of the Motions before us with the Remand Motion . . . logical and practical principles 'dictate that the remand motion be determined before the venue motion'". *Id.* (quoting *Lone Star*, 131 B.R. at 273). In determining the threshold issue of subject matter jurisdiction, the *Tricord* court determined that it lacked jurisdiction over the plaintiff's state law breach of contract claims (among other state law claims) under 28 U.S.C. § 1334(b), thereby rendering consideration of the motion to transfer venue moot. *See In re Tricord*, 2003 WL 1565945, at *2.

Similarly, this Court should decide the jurisdictional question presented by Bank of America's remand motion before it decides whether or not to transfer the case. If the Court determines that it lacks jurisdiction, such a threshold ruling "eliminates the need to decide . . . whether the proceeding should be transferred". *Lone Star*, 131 B.R. at 275; *see also In re Grace*, 262 B.R. 625 (holding that a court should consider whether a jurisdictional basis for removal exists before addressing a motion to transfer); *Studebaker-Worthington Leasing Corp. v. Michael Rachlin & Co., LLC*, 357 F. Supp. 2d 529, 533 (E.D.N.Y. 2004) ("before considering Defendant's motion to transfer venue, the Court must first decide the threshold question whether it has subject matter jurisdiction over this case"); *Stahl v. Stahl*, No. 03 Civ.0405 VM, 2003 WL 22595288, at *2

---

the transfer, because the law of this district first requires that the Court determine whether it has jurisdiction, because it became clear that US Airways sought a transfer to delay resolution of Bank of America's summary judgment motion, and because the case could never, as a practical matter, make its way back to Chancery Court in time to be decided on the schedule set by Vice Chancellor Strine.

5

(S.D.N.Y. Nov. 7, 2003) ("when presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand") (Exhibit B hereto).

As Bank of America's Memorandum in Support of its Motion to Remand makes clear, there is no basis for the Court to hear this case because: (1) there is no subject matter jurisdiction; (2) this Court is statutorily required to abstain from hearing this action; and (3) even if abstention is not mandatory, this Court should exercise its discretion not to hear the case. Thus, there is no basis for the Court to decide US Airways' transfer motion, and it should therefore be denied.

## II.  EVEN IF THE COURT HAD JURISDICTION, THIS ACTION SHOULD NOT BE TRANSFERRED.

Even if the Court had subject matter jurisdiction in this case, which it does not, the case should not be transferred to Virginia. US Airways has failed to meet its burden of showing, under either 28 U.S.C. § 1412 or § 1404(a), that transfer would serve the "interest of justice" or "the convenience of [the] parties".

The burden is on the movant seeking transfer to overcome the strong presumption in favor of the plaintiff's choice of forum. *See Datex-Ohmeda, Inc. v. Hill-Rom Servs., Inc.,* 185 F. Supp. 2d 407, 412 (D. Del. 2002) (Farnan, J.) (stating both that "[t]he burden is upon the movant to establish that the balance of the interests *strongly* weighs in favor of transfer", and that the plaintiff's choice of forum "should be given substantial deference") (emphasis added); *Hechinger Liquidation Trust v. Fox (In re Hechinger Inv. Co. of Del., Inc.),* 296 B.R. 323, 325-326 (Bankr. D. Del. 2003) (stating both that the moving party must demonstrate by a preponderance of the evidence that a transfer of venue is warranted, and that plaintiff's choice of forum is "a decision to which

6

courts normally defer"); *Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 306 B.R. 746, 750 (S.D.N.Y. 2004) (stating that there is a strong presumption in favor of the plaintiff's choice of forum). US Airways does not overcome this presumption.

In an attempt to establish that the transfer of this case would serve the interest of justice or the convenience of the parties, US Airways recites the same arguments it made in its removal papers—arguments that this Court has federal subject matter jurisdiction over the case. (*See, e.g.*, Opening Br. at 9 ("the claims . . . clearly "arise in" and "relate to" the US Airways bankruptcy, such that the "'strong presumption' in favor of transfer to the Bankruptcy Court controls"); 10 (asserting that issues encompassed by the filing of administrative claims are core proceedings, and that Bank of America's action "amounts to a disguised attack on the . . . Plan"); 11 (arguing that express reservations in the Plan establish that the case "aris[es] in" and "relat[es] to" the Plan and Merger Agreement).) However, as stated above, and as addressed at length in Bank of America's remand papers, this Court lacks subject matter jurisdiction, as this action neither "arises under" title 11, nor "arises in" or is "related to" a title 11 case. (*See* Pl.'s Remand Mem. at 10-21.) Therefore, US Airways' arguments that transfer serves the interests of justice by fostering the "economic and efficient administration of the estate" (Opening Br. at 9) are no more successful than its arguments for federal subject matter jurisdiction.

In support of its argument that matters relating to an ongoing bankruptcy should be transferred to the original bankruptcy court, US Airways relies solely upon cases involving pre-confirmation bankruptcy proceedings dealing with title 7, title 11,

7

and title 13 bankruptcy matters. (*See, e.g.,* Opening Br. at 7-8 (citing *Kotlicky v. Belford*, 64 B.R. 679 (N.D. Ill. 1986); *Stamm v. Rapco Foam, Inc.*, 21 B.R. 715, 721 (Bankr. W.D. Pa. 1982)).) These authorities are inapposite here, however, because the case currently before this Court involves only state-law claims for breach of contract and tortious interference that arose post-confirmation of US Airways' bankruptcy plan. Moreover, based upon US Airways' own admission in its transfer motion, a transfer under 28 U.S.C. § 1412 is only procedurally appropriate when a proceeding "arises under" title 11, or "aris[es] in or relate[s] to" a bankruptcy proceeding. (Opening Br. at 9.) Logic and practical principles of jurisprudence would dictate that this Court must first determine whether this proceeding "arises under" title 11, or "arises in" or is "related to" a bankruptcy proceeding before determining if the case can be transferred. As argued above, this can only be done by first deciding the remand motion. (*See* Section I *supra*.)

US Airways also asserts that Delaware "has no interest in . . . the claims asserted by Bank of America in this action". (Opening Br. at 13.) US Airways further states that the fact that parties to this case are incorporated in Delaware is a fact "of little importance" to the decision of this motion. (*Id.*) However, this Court has clearly and repeatedly stated that Delaware has an interest in resolving controversies among its corporate citizens. *See Datex-Ohmeda*, 185 F. Supp. 2d at 412. In denying a recent motion to transfer, Judge McKelvie recognized that a "defendant's status as a Delaware corporation is a relevant factor to be considered," and that, "absent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient". *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001). This Court echoed this sentiment in *Stratos*

8

*Lightwave, Inc. v. E20 Commc'ns, Inc.*, finding that "the fact that [defendant] has incorporated in Delaware is a rational and legitimate reason for choosing to sue [defendant] in Delaware . . . . [defendant], having received the benefits of Delaware incorporation, should not now complain that another corporation has chosen to sue it here." *Stratos Lightwave, Inc., v. E20 Commc'ns, Inc.*, C.A. No. 01-309-JJF, 2002 U.S. Dist. LEXIS 5653, at *7 (D. Del. Mar. 26, 2002) (Farnan, J.) (Exhibit C hereto). As US Airways certainly cannot show that it would face any "unique or unexpected" burden in litigating in its own state of incorporation, it cannot establish that the transfer of this case would serve either the interests of justice or the convenience of the parties. *See* 28 U.S.C. §§ 1404(a), 1412. Thus, US Airways' motion to transfer should be denied.

## CONCLUSION

For the foregoing reasons, Bank of America respectfully requests that this Court deny US Airways' motion to transfer this action to the Eastern District of Virginia.

                              POTTER ANDERSON & CORROON LLP

                              By  /s/
                                    Richard L. Horwitz (#2246)
                                    Kevin R. Shannon (#3137)
                                    Brian C. Ralston (#3770)
                                    1313 N. Market Street
                                    P.O. Box 951
                                    Wilmington, Delaware 19899
                                    rhorwitz@potteranderson.com
                                    kshannon@potteranderson.com
                                    bralston@potteranderson.com

                                    *Attorneys for Plaintiff*

OF COUNSEL:

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
David R. Marriott
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Dated: November 30, 2005

709424

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I do hereby certify that, on November 30, 2005, the within document was filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

Kenneth J. Nachbar, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19801

David C. McBride, Esquire
Martin S. Lessner, Esquire
Christian Douglas Wright, Esquire
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
Wilmington, DE 19899

/s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
Kevin R. Shannon (#3137)
Brian C. Ralston (#3770)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
rhorwitz@potteranderson.com
kshannon@potteranderson.com
bralston@potteranderson.com