IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BANK OF AMERICA, N.A. (USA),

Plaintiff,

v.

US AIRWAYS, INC., US AIRWAYS GROUP, INC., and AMERICA WEST AIRLINES, INC.,

Defendants,

and

JUNIPER BANK,

Intervenor.

C.A. No. 05-793 (JJF)

**REPLY BRIEF IN SUPPORT OF DEFENDANTS US AIRWAYS, INC., US AIRWAYS GROUP, INC., AND AMERICA WEST AIRLINES, INC.'S MOTION TO TRANSFER TO THE EASTERN DISTRICT OF VIRGINIA**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
David C. McBride (#408)
Christian Douglas Wright (#3554)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
cwright@ycst.com

*Attorneys for US Airways, Inc., US Airways Group, Inc. and America West Airlines, Inc.*

OF COUNSEL:

MUNGER, TOLLES & OLSON LLP
Mark H. Epstein
Kristin Linsley Myles
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
(213) 683-9100

DATED: December 7, 2005

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 3

A. The Court Should Transfer This Action to the Eastern District of Virginia To Allow The Bankruptcy Court to Rule on the Pending Remand Motion ........ 3

1. The Bankruptcy Court Should Decide the Remand Motion ........ 3

2. Nothing Prevents The Court From Transferring This Action to the Eastern District Before Ruling on the Remand Motion. ........ 5

B. Even if the Court Concludes That It Must Decide Subject Matter Jurisdiction, It Should Find Subject Matter Jurisdiction And Defer All Other Issues to the Bankruptcy Court ........ 10

C. The Court Should Transfer This Case to The Eastern District of Virginia Even If It Decides The Remand Motion First ........ 11

III. CONCLUSION ........ 13

## TABLE OF AUTHORITIES

**Page**

### CASES

*Allison v. Allstate Ins. Co.*,
Civ. A. No. 96-2757, 1997 WL 31175 (W.D. La., Jan. 22, 1997) .......... 7

*APA Excelsior III L.P. v. Premiere Technologies, Inc.*,
49 F.Supp.2d 664 (S.D.N.Y. 1999) .......... 12

*Atlantic Ship Rigging Co. v. McLellan*,
288 F.2d 589 (3d Cir. 1961) .......... 6

*Bank of America, NT & SA v. Nickele*,
1998 U.S. Dist. LEXIS 5359 (E.D. Pa. No. 98-1501, Apr. 16, 1998) .......... 11, 12

*Barnes v. Resolution Trust Corp.*,
Civ. A. No. 91-2900-LFO, 1992 WL 19113 (D.D.C. 1992) .......... 7

*Burse v. Purdue Pharma*,
*Nos. C-04-594SC, C-04-713SC, 2004* WL 1125055 (N.D. Cal. 2004) .......... 7

*Colarusso v. Burger King Corp.*,
35 B.R. 365 (Bankr. E.D. Pa. 1984) .......... 8

*Dornbusch v. Commissioner*,
860 F.2d 611 (5th Cir. 1988) .......... 6

*Fidelity Mortgage Investors v. Camelia Builders, Inc.*,
550 F.2d 47 (2d Cir. 1976) .......... 12

*Friedman v. Purdue Pharma Co.*,
Civ. No. 04-0404-PHX-EHC, 2004 WL 1376383 (D. Ariz., 2004) .......... 7

*Gould v. National Life Ins. Co.*,
990 F.Supp. 1354 (M.D.Ala. 1998) .......... 7, 9, 12

*Hoffman v. Medquist, Inc.*,
2005 WL 3095713 (N.D.Ga. 2005) .......... 12

*In re Allegheny Health, Education and Research Foundation*,
1999 WL 1033566 (Bankr. E.D. Pa. 1999) .......... 8

*In re Amino Acid Lysine Antitrust Litig.*,
910 F. Supp. 696 (J.P.M.L. 1995) .......... 7

*In re Bridgestone/ Firestone, Inc., ATX, ATX II and Wilderness Tires Prods. Liab. Litig.*,
2000 No. 1373 WL 33416573 (J.P.M.L. Oct. 24, 2000) .......... 7

*In re California Retail Natural Gas & Elec. Antitrust Litig.*,
150 F. Supp. 2d 1383 (J.P.M.L. 2001).......... 7

*In re California Wholesale Elec. Antitrust Litig.*,
No. 1405, 2001 WL 733534 (R.P.J.P.M.L. June 8, 2001).......... 7

*In re Convent Guardian Corp.*,
75 B.R. 346 (Bankr. E.D. Pa. 1987) .......... 5, 8, 11

*In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.*,
2001 No. 1393 WL 253115 (J.P.M.L. Feb. 23, 2001).......... 7

*In re Enron Corp. Secs., Derivative & "ERISA" Litig.*,
227 F. Supp. 2d 1389 (J.P.M.L. 2002).......... 7

*In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig.*,
229 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002).......... 7

*In re Ivy*,
901 F.2d 7 (2d Cir. 1990) .......... 6

*In re K-Dur Antitrust Litig.*,
176 F. Supp. 2d 1377 (J.P.M.L. 2001).......... 7

*In re Pharmaceutical Indus. Average Wholesale Price Litig.*,
C.A. No. 0:02-1779, 2002 WL 31834739 (J.P.M.L. Dec. 11, 2002) .......... 7

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
No. CV01 J2303NW, 2002 WL 31108228 (J.P.M.L. March 4, 2002 .......... 7

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
170 F. Supp. 2d 1346 (J.P.M.L. 2001); .......... 7

*In re Starlink Corn Prods. Liab. Litig.*,
152 F. Supp. 2d 1378 (J.P.M.L. 2001).......... 7

*In re Synthroid Marketing Litig.*,
1182, 1997 WL 564075 (J.P.M.L. Aug. 21, 1997).......... 7

*In re Trafficwatch*,
138 B.R. 841 (Bankr. E.D. Tex. 1992) .......... 2, 7

*In re Vital Link Lodi, Inc.*,
240 B.R. 15 (W.D. Mo. 1999) .......... 7, 9

*In re Waste Mgmt., Inc.. Secs. Litig.*,
177 F. Supp. 2d 1373 (J.P.M.L. 2001) ..... 7

*In re Wedlo, Inc.*,
212 B.R. 678 (Bankr. M.D. Ala. 1996) ..... 8

*In re Wireless Tel. Replacement Prot. Programs Litig.*,
180 F. Supp. 2d 1381 (J.P.M.L. 2002) ..... 7

*Lee v. Ford Motor Company*,
Civ. No. 04-0404-PHX-EHC, 2002 U.S. Dist. LEXIS 23418 (E.D. La. Dec. 3, 2002) ..... 7

*Lewis v. Resolution Trust Corp.*,
Civ. A. No. 91-2870-LFO, 1992 WL 19248 (D.D.C. Jan. 17, 1992) ..... 7

*Lone Star Indus., Inc. v. Liberty Mut. Ins. Co.*,
131 B.R. 269 (D. Del. 1991) ..... 8, 9, 10, 11

*Lynn v. Purdue Pharma Co.*
2004 WL 1242765 (D.N.M. 2004) ..... 5

*McLaughlin v. Arco Polymers, Inc.*,
721 F.2d 426 (3d Cir. 1983) ..... 6

*Medical Society v. Connecticut Gen. Corp.*,
187 F. Supp. 2d 89 (S.D.N.Y. 2001) ..... 7

*Metropolitan Life Ins. Co. v. Merchant*,
No. PCA 83-4296-WEA, 1984 WL 786 (N.D. Fla. Feb. 7, 1984) ..... 7

*Mirasco v. American National Fire Insurance, Co.*,
2000 WL 34440850 (N.D.Ga. 2000) ..... 12

*Nelson v. First Lenders Indemnity Company*,
1998 WL 378376 (N.D. Miss. 1998) ..... 8

*Nierbo Co. v. Bethlehem Shipbuilding Corp.*,
308 U.S. 165 (1939) ..... 8

*Schouman v. Schouman*
1996 WL 721195 (D. Mass., Dec. 10, 1996) ..... 7, 12

*Seybolt v. Bio-Energy of Lincoln, Inc.*,
38 B.R. 123 (Bankr. D. Mass. 1984) ..... 8

*Stamm v. Rapco Foam, Inc.*,
21 B.R. 715 (Bankr. W.D. Pa. 1982) ..... 8, 12

*Stewart v. May Dept. Store Co.*,
Civ. No. 02-2772, 2002 WL 31844906 (E.D.La. December 11, 2002)................................ 2, 5

*Tifa Ltd. v. Republic of Ghana*,
692 F. Supp. 393 (D.N.J. 1988)........................................................................................ 6

*United States v. Mine Workers*,
330 U.S. 258 (1947)............................................................................................................ 8

*Weber v. Basic Comfort Inc.*,
155 F.Supp.2d 283 (E.D.Pa. 2001)................................................................................. 12

**STATUTES**

28 U.S.C. § 1334(b) .......................................................................................................... 10

28 U.S.C. § 1334(c) ............................................................................................................ 5

28 U.S.C. § 1412................................................................................................................. 5

28 U.S.C. § 1452................................................................................................................. 5

28 U.S.C. § 1452(a) ..................................................................................................... 5, 10, 11

28 U.S.C. § 1631................................................................................................................. 6

**OTHER AUTHORITIES**

1 COLLIER ON BANKRUPTCY, ¶ 4.04[1] ........................................................................ 11, 12

Federal Courts Improvement Act of 1982 ........................................................................ 6

## I. INTRODUCTION

Defendants US Airways, Inc., US Airways Group, Inc., and America West Airlines ("Defendants") submit this reply brief in support of their motion to transfer this action to the Eastern District of Virginia, where Bankruptcy Court proceedings concerning the reorganization of US Airways, Inc. and Plaintiff Bank of America, N.A.'s ("Bank of America's") Administrative Claims are pending before the Honorable Stephen S. Mitchell. *See In re US Airways, Inc., et al.*, E.D. Va. No. 04-13819-SSM ("*US Airways* bankruptcy").

Bank of America does not dispute – nor could it dispute – that the Bankruptcy Court is best suited to decide the jurisdictional and merits issues raised in this case. Judge Mitchell has presided for more than a year over the *US Airways* bankruptcy – including issues concerning the very contract (the "BofA/US Airways Contract") at issue in this action. That Court can best determine whether Bank of America's claims "relate to" or "arise in" the *US Airways* bankruptcy, whether this is a "core" proceeding in connection with the bankruptcy, whether Bank of America's claims are transactionally related to its Administrative Claims in the Bankruptcy Court, how the "carve out" in Judge Mitchell's Order confirming the US Airways Plan of Reorganization ("Plan of Reorganization" or "Plan") affects the procedural and jurisdictional posture of this action, and to what extent the injunctive relief that Bank of America seeks would interfere with the Plan. Transferring this case also would save judicial resources and avoid inconsistent judgments because the Bankruptcy Court already has before it, and will need to resolve, Bank of America's Administrative Claims (and Defendants' Objections thereto) concerning the same BofA/US Airways Contract that is at issue here.

Bank of America does not dispute any of these points, but instead offers two insubstantial and incorrect bases for denying the motion. Neither of these arguments provides a basis for denying Defendants' otherwise-uncontested motion.

First, Bank of America claims that "the only reason for this transfer motion is to delay the resolution of Bank of America's bid for summary judgment." Memorandum of Plaintiff Bank of America in Opposition to Defendants' Motion to Transfer ("Opp.") at 2. Nothing in the record supports this assertion. On the contrary, Defendants timely removed this action and then filed their transfer motion one day later – even though it was under no obligation to file the transfer motion at that time. Bank of America, despite initially having *consented* to the transfer, then reneged on its agreement and insisted on litigating the motion – a tactic that itself caused unnecessary delay. Defendants, as they repeatedly have indicated, are willing and able to resolve this action on an expedited basis manner in the proper forum. If Bank of America had wanted to resolve this dispute more expeditiously, it could have done so through the existing Bankruptcy Court proceedings instead of filing a new lawsuit in a different court with no familiarity with or interest in the issues.

Second, Bank of America claims that this Court lacks the power to transfer the action without first deciding the question of federal subject matter jurisdiction. That too is incorrect. "While it is true that courts generally consider subject matter jurisdiction as a preliminary matter, as other federal district courts have recognized, federal courts need not decide a motion to remand a removed case before ruling on a motion to transfer to another district." *Stewart v. May Dept. Store Co.*, Civ. No. 02-2772, 2002 WL 31844906, *2 (E.D.La. December 11, 2002) (citing authorities). Indeed, in deciding whether bankruptcy-related removal is proper, as is the question here, "the court where the bankruptcy is pending should determine the removal issue because it is in the best position to determine what impact the removed case will have on the bankruptcy." *In re Trafficwatch,* 138 B.R. 841, 843 (E.D. Tex. 1992). Although Bank of America cites a handful of cases in which, in a different procedural posture, the courts expressed

a preference for deciding remand issues first, that preference was purely a matter of discretion, not power, and is countered by legions of cases in which the courts transferred the action while a remand motion was pending after finding that the transferee court was better equipped to decide the jurisdictional issues. Because all factors here favor transfer, this Court should grant the present motion and defer ruling on the Remand Motion so it can be decided by Judge Mitchell.

## II. ARGUMENT

### A. The Court Should Transfer This Action to the Eastern District of Virginia To Allow The Bankruptcy Court to Rule on the Pending Remand Motion

As set out in detail in Defendants' Opening Brief in support of their Motion to Transfer, this Court should transfer this case to Judge Mitchell before ruling on Plaintiff's Remand Motion. Bank of America's arguments against such a transfer are without merit.

#### 1. The Bankruptcy Court Should Decide the Remand Motion

As Bank of America appears to concede, the Remand Motion presents numerous issues that logically should be decided by the Bankruptcy Court, including (1) whether this action is a "core proceeding" by virtue of Bank of America's filing of Administrative Claims in the *US Airways* bankruptcy relating to the same BofA/US Airways Contract that is at issue here; (2) whether this action otherwise is "related to" or "arises in" the *US Airways* bankruptcy; and (3) whether the present action, which seeks to enjoin a transaction that was central to the confirmation of the US Airways Plan of Reorganization, would affect adversely the implementation of the Plan. Given that the Bankruptcy Court already will adjudicate Bank of America's disputed Administrative Claims, that court is best positioned to resolve the parties' disputes – an allocation that would comport with the strong interest both in ensuring uniform treatment of issues affecting a reorganization and in centralizing their resolution in the responsible Bankruptcy Court.

Moreover, Judge Mitchell already has had occasion to consider the BofA/US Airways Contract, which was called to his attention and actively litigated at several points in the *US Airways* proceedings. *See* Wright Decl., ¶ 9 & Exhibit G at 3-4, ¶¶ 3-5 (proceedings and negotiations concerning US Airways' assumption of the co-branded card agreement); *id.*, at 5-14, ¶¶ 9-15 (Bank of America's objection to the US Airways Plan of Reorganization based on concerns over its rights under that agreement); Confirmation Order ¶ 45 (provision in order accommodating Bank of America's concern that its claims under that agreement not be extinguished by the release and similar provisions in the Plan). Judge Mitchell clearly is in the best position both to resolve other issues that arise between the parties relating to this same contract, and to interpret the "carve-out" provision that Bank of America secured in the Confirmation Order. Finally, Judge Mitchell is in the best position to consider the effect on the reorganization of the relief that Bank of America seeks against the estate – including specific enforcement of the BofA/US Airways Contract, which was litigated in the *US Airways* bankruptcy, and an injunction against performance under the separate Juniper contract, which was central to the financing for the Plan of Reorganization.

On the other side of the balance, Bank of America does not even try to identify any advantage to having either the Delaware Court of Chancery or this Court decide this case. This is not surprising, given that, as set out in Defendants' Opening Brief, the BofA/US Airways Contract is governed by Virginia and United States law and there is no allegation that any of the relevant events took place in Delaware. Bank of America does not seriously dispute any of these points, nor does it suggest any other relevant interest that any Delaware court, state or federal, has in hearing this action or, in the case of this Court, deciding the Remand Motion.

### 2. Nothing Prevents The Court From Transferring This Action to the Eastern District Before Ruling on the Remand Motion.

Bank of America's lead argument is that, notwithstanding the factors weighing in favor of transfer, this Court lacks the power to grant the transfer motion without first determining the question of federal subject matter jurisdiction. Opp. at 3. It also suggests that even if the Eastern District of Virginia has jurisdiction over this matter as an extension of its existing jurisdiction over the *US Airways* bankruptcy, this Court may not transfer the action to that court because this Court itself lacks subject matter jurisdiction. *Id.* at 4, n.3.

"While it is true that courts generally consider subject matter jurisdiction as a preliminary matter, as other federal district courts have recognized, federal courts need not decide a motion to remand a removed case before ruling on a motion to transfer to another district." *Stewart v. May Dept. Store Co.*, 2002 WL 31844906, *2 (E.D.La. 2002). Time and again courts have held "that where there exists both a Motion to Remand and a Motion to Transfer, a court may decide them in any order." *Lynn v. Purdue Pharma Co.*, Civ. No. 04-300, 2004 WL 1242765, *2 (D.N.M. 2004) (citing cases). In fact, many courts have held that where a case is removed as "related to" a bankruptcy pursuant to 28 U.S.C. § 1452, as here, the action should be transferred to the judicial district presiding over the bankruptcy before any pending remand motion is decided so that the Bankruptcy Court can decide the remand issues. *See In re Convent Guardian Corp.,* 75 B.R. 346, 347 (Bank. E.D. Pa. 1987) ("[a]ll of the known authorities hold that, where a bankruptcy court is simultaneously confronted with (1) a Motion, pursuant to 28 U.S.C. § 1412, to transfer or change the venue of an action which has been removed to it pursuant to 28 U.S.C. § 1452(a); and (2) a Motion to remand or otherwise abstain from hearing the change of venue action, pursuant to 28 U.S.C. § 1334(c), the action *should be transferred* to the 'home' court of the bankruptcy to decide the issue of whether to remand or

abstain from hearing the action") (emphasis added).

Contrary to Bank of America's suggestion, federal courts clearly have the power to transfer venue in appropriate circumstances before their subject matter jurisdiction has been established – or even when subject matter jurisdiction is found to be lacking. Although some prior federal cases, including in the Third Circuit, had held that a court could not transfer an action without first finding it had subject matter jurisdiction, *see, e.g., Atlantic Ship Rigging Co. v. McLellan*, 288 F.2d 589 (3d Cir. 1961), these cases were overruled by Congress in the Federal Courts Improvement Act of 1982, which expressly authorizes a federal court that lacks subject matter jurisdiction over an action to transfer the action to a proper court "if it is in the interest of justice." *See* 28 U.S.C. § 1631. *See generally McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 428 (3d Cir. 1983) (any broad argument against a power to transfer based on cases like *Atlantic Ship Rigging* "has now been weakened" by Section 1631, "which authorizes the court in which a case has been improperly filed to transfer it to a court in which the action or appeal could have been brought 'if it is in the interest of justice'"); *Dornbusch v. Commissioner*, 860 F.2d 611, 612-16 (5th Cir. 1988) (reciting history of Section 1631 and its effect on pre-§ 1631 caselaw, including *Atlantic Ship Rigging*).[1]

Indeed, courts following the passage of Section 1631 repeatedly have transferred actions in which a remand motion was pending where the transferee court was better situated to decide the subject matter jurisdiction issues raised by the remand motion. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *see also Medical Society v. Connecticut Gen. Corp.*, 187 F. Supp. 2d 89, 91

[1] Although at least one post-1982 district court case within the Third Circuit relied on *Atlantic Ship Rigging* for the broad proposition that "[a] district court is powerless to transfer a case unless the court has subject matter jurisdiction over the action," *see Tifa Ltd. v. Republic of Ghana*, 692 F. Supp. 393, 398 (D.N.J. 1988), this clearly is no longer the law after the passage of Section 1631. *See McLaughlin*, 721 F.2d at 428.

(S.D.N.Y. 2001) (not only does court have the power to transfer a case even after a jurisdictional challenge has been lodged, but, "allowing the transferee court to resolve the jurisdictional question may be the preferable practice"); *Gould v. National Life Ins. Co.*, 990 F.Supp. 1354 (M.D.Ala. 1998).[2] Indeed, transfer before deciding remand is the common practice where removal is based upon bankruptcy jurisdiction, because the "home" bankruptcy court typically is better suited to resolve bankruptcy jurisdiction issues. *See, e.g., In re Trafficwatch*, 138 B.R. 841, 843 (Bankr. E.D. Tex. 1992) ("the court where the bankruptcy is pending should determine the removal issue because it is in the best position to determine what impact the removed case will have on the bankruptcy"); *In re Vital Link Lodi, Inc.*, 240 B.R. 15, 21 (W.D. Mo. 1999)

---

[2] The cases in which courts have granted transfer motions while deferring decision on pending remand motions are legion. *See, e.g., Burse v. Purdue Pharma, Nos. C-04-594SC, C-04-713SC, 2004* WL 1125055 (N.D. Cal. 2004),*; Friedman v. Purdue Pharma Co.*, Civ. No. 04-0404-PHX-EHC, 2004 WL 1376383, *2 (D. Ariz., 2004) ; *Allison v. Allstate Ins. Co.*, Civ. A. No. 96-2757, 1997 WL 31175 (W.D. La., Jan. 22, 1997) ; *Schouman v. Schouman*, Civ. A. No. 96-11588-REK, 1996 WL 721195, (D. Mass., Dec. 10, 1996); *Barnes v. Resolution Trust Corp.,* Civ. A. No. 91-2900-LFO, 1992 WL 19113 (D.D.C. Jan. 17, 1992); *Lewis v. Resolution Trust Corp.*, Civ. A. No. 91-2870-LFO, 1992 WL 19248 (D.D.C. Jan. 17, 1992); *Lee v. Ford Motor Company*, Civ. No. 04-0404-PHX-EHC, 2002 U.S. Dist. LEXIS 23418 (E.D. La. Dec. 3, 2002); *Metropolitan Life Ins. Co. v. Merchant*, No. PCA 83-4296-WEA, 1984 WL 786, at *1 (N.D. Fla. Feb. 7, 1984*) ; In re Enron Corp. Secs., Derivative & "ERISA" Litig.*, 227 F. Supp. 2d 1389 (J.P.M.L. 2002); *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, C.A. No. 0:02-1779, 2002 WL 31834739, at *1 (J.P.M.L. Dec. 11, 2002); *In re Ford Motor Co. Crown Victoria Police Interceptor Prods. Liab. Litig*., 229 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, No. CV01 J2303NW, 2002 WL 31108228, at *1 (J.P.M.L. March 4, 2002); *In re Wireless Tel. Replacement Prot. Programs Litig.*, 180 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002); *In re Waste Mgmt., Inc.. Secs. Litig.,* 177 F. Supp. 2d 1373, 1374 (J.P.M.L. 2001); *In re K-Dur Antitrust Litig.,* 176 F. Supp. 2d 1377, 1378 (J.P.M.L. 2001); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001); *In re California Retail Natural Gas & Elec. Antitrust Litig.,* 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001); *In re Starlink Corn Prods. Liab. Litig.,* 152 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001); *In re California Wholesale Elec. Antitrust Litig.*, No. 1405, 2001 WL 733534, at *1 (R.P.J.P.M.L. June 8, 2001) ; *In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.*, 2001 No. 1393 WL 253115, at *1 (J.P.M.L. Feb. 23, 2001); *In re Bridgestone/ Firestone, Inc., ATX, ATX II and Wilderness Tires Prods. Liab. Litig.*, 2000 No. 1373 WL 33416573, at *2 (J.P.M.L. Oct. 24, 2000); *In re Synthroid Marketing Litig.*, No. 1182, 1997 WL 564075, at *1 (J.P.M.L. Aug. 21, 1997); *In re Amino Acid Lysine Antitrust Litig.,* 910 F. Supp. 696, 700 (J.P.M.L. 1995).

("[t]he ['home'] bankruptcy court is in a better position to consider the issues of abstention and remand, inasmuch as it is more familiar with the complexities of the bankruptcy case and related litigation than this Court is"); *see also In re Allegheny Health, Education and Research Foundation,* 1999 WL 1033566 (Bankr. E.D. Pa. 1999); *In re Convent Guardian Corp.*, 75 B.R. 346, 347 (Bankr. E.D. Pa. 1987).[3]

This result is consistent with the understanding that questions of federal subject matter jurisdiction generally go to the relationship between the federal district court system as a whole, on the one hand, and other court systems or tribunals, such as state courts or specialized federal tribunals, on the other. *See generally Nierbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167 (1939). Venue, by contrast, addresses the much less important question *which* federal district within the federal court system will hear a dispute. *Id.* From the standpoint of subject matter jurisdiction, it does not matter *which* judge in *which* federal district decides whether the federal district court system as a whole has the power to hear a dispute. As with the general rule that a federal court always has jurisdiction to determine its own jurisdiction, *see United States v. Mine Workers*, 330 U.S. 258, 290 (1947), the power to make *that* determination can rest with any district court within the federal system. Accordingly, and for the reasons set out above, any broad suggestion that this Court lacks the *power* to defer the Remand Motion until after this action is transferred to the Eastern District of Virginia is simply incorrect.

Bank of America points to *Lone Star Indus., Inc. v. Liberty Mut. Ins. Co.*, 131 B.R. 269 (D. Del. 1991), for its argument that remand must be decided first, but that case does not support

---

[3] *See also, e.g.*, *Nelson v. First Lenders Indemnity Company*, 1998 WL 378376 (N.D. Miss. 1998); *In re Wedlo, Inc.*, 212 B.R. 678 (Bankr. M.D. Ala. 1996); *In re Convent Guardian Corp.*, 75 B.R. 346 (Bankr. E.D. Pa. 1987); *Seybolt v. Bio-Energy of Lincoln, Inc.*, 38 B.R. 123, 128 (Bankr. D. Mass. 1984); *Colarusso v. Burger King Corp.*, 35 B.R. 365, 366-68 (Bankr. E.D. Pa. 1984); *Stamm v. Rapco Foam, Inc.*, 21 B.R. 715, 723-25 (Bankr. W.D. Pa. 1982).

such a result here. In *Lone Star*, former Chief Judge Longobardi of this Court adopted, without comment, the recommendation (but not the opinion) of Bankruptcy Judge Balick that remand be decided before transfer. But nothing in Judge Balick's opinion suggests that a court *must* decide equitable remand before deciding the venue motion – only that given the specifics of the *Lone Star* case, it was more "logical and practical" to do so. *Id.* at 273. *See also Gould,* 990 F.Supp. at 1358 ("the decision whether to decide a remand or a transfer first should be made on the facts of the particular case"). And, indeed, the facts of *Lone Star* – unlike the facts here – did support deciding remand first. The plaintiff in that case had brought an action against an insurer and 26 excess insurers in Delaware Superior Court, and then had requested, successfully, that the action be specifically assigned because it involved "'numerous defendants and the application of millions of dollars of insurance during a period of many years,' and [because] 'numerous issues may arise that could be resolved more efficiently if they were all heard by the same judge.'" 131 B.R.. at 271. After the parties had conducted extensive discovery and the judge had ruled on summary judgment motions, the plaintiff filed a Chapter 11 petition in federal court in a different state. *Id.* Only at that point, more than a year after the complaint had been filed, did the plaintiff seek a change of venue for the action, which it conceded was *not* a "core proceeding." *Id.* at 272.

Here, by contrast, the parties seeking transfer did not select the state forum, and in fact sought the transfer promptly after the case was filed and removed. This places the case in a posture similar to numerous other bankruptcy-related cases in which the bankruptcy court was deemed better suited to decide whether there was federal jurisdiction under the bankruptcy laws. *See, e.g., In re Vital Link Lodi, Inc.*, 240 B.R. 15, 21 (Bankr. W.D. Mo. 1999) ("[t]he [home] bankruptcy court is in a better position to consider the issues of abstention and remand

(inasmuch as it is more familiar with the complexities of the bankruptcy case and related litigation) than this Court is, the majority of the interested parties are located in [the home district], and perhaps most importantly, [Plaintiff] will not be prejudiced because its Motion [to remand] will be transferred along with the case, as pending, essentially unaffected by the change of venue") (citing cases "transferring venue and withholding decision on pending motions when doing so would allow the transferee court to decide important issues that are critical to the disposition of the case"). The same result should obtain here.

**B. <u>Even if the Court Concludes That It Must Decide Subject Matter Jurisdiction, It Should Find Subject Matter Jurisdiction And Defer All Other Issues to the Bankruptcy Court</u>**

Even if this Court concludes that it must decide subject matter jurisdiction before considering transfer, there is no question but that such jurisdiction does exist in this case. As for the issues of abstention and equitable remand, they should be deferred so that they can be decided by the Bankruptcy Court.

This Court has subject matter jurisdiction over all matters that are "properly removed." *See Lone Star*, 131 B.R. at 272. Under 28 U.S.C. §§ 1452(a) and 1334(b), removal is proper for all "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). As discussed in detail in Defendants' Opposition to Remand, this action is a "core proceeding" and thus by definition "arises in" the *US Airways* bankruptcy. Opp. to Remand at 17-22. At a minimum, there is federal subject matter jurisdiction because the action "relates to" the *US Airways* bankruptcy. *Id.* at 22-24.

Once the Court finds federal subject matter jurisdiction, it can and should defer ruling on Bank of America's separate requests for abstention and equitable remand. Because neither of those issue is jurisdictional in nature, neither of them, even under Bank of America's jurisdictional framework, would need to be decided by the transferor court. *See In re Convent*

*Guardian Corp.*, 75 B.R. 346, 347 (Bankr. E.D. Pa. 1987) ( "we do not believe that any abstention issue, even one involving 'mandatory abstention,' raises a 'jurisdictional' issue"). On the contrary, because the questions of abstention and remand both raise issues that would benefit from the expertise and knowledge of the Bankruptcy Court – such as whether adjudication of this case would impact the administration of the US Airways estate – they best addressed in the first instance by the Bankruptcy Court.

### C. The Court Should Transfer This Case to The Eastern District of Virginia Even If It Decides The Remand Motion First

If this Court finds subject matter jurisdiction, it should grant the transfer motion because all relevant factors favor resolution of this action in the Eastern District of Virginia. Bank of America does not dispute the strong presumption that a case such as this that is related to a bankruptcy should be decided in district where the bankruptcy is pending. *See Bank of America, NT & SA v. Nickele*, No. 98-1501, 1998 U.S. Dist. LEXIS 5359, *15 (E.D. Pa. No. 98-1501, Apr. 16, 1998) (a "presumption has developed that civil proceedings should be tried in the 'home' court, namely the court where the bankruptcy case itself is pending"); a*ccord* 1 COLLIER ON BANKRUPTCY, ¶ 4.04[1].

Bank of America's only response is that this case is not related to the bankruptcy and that transferring it therefore will not further "economic and efficient administration." Opp. at 7. But if the Court finds federal subject matter jurisdiction under § 1452(a), by definition it will have found the two proceedings are related. *See Lone Star*, 131 B.R. at 272 (jurisdiction exists under § 1452(a) if the case "arises under" or is "related to" a bankruptcy proceeding). Accordingly, transferring this related case to the Eastern District of Virginia will serve the interests of justice because it "would promote judicial economy by preventing the duplication of judicial effort and avoiding the possibility of inconsistent results." *Mirasco v. American National Fire Insurance,*

*Co.*, No. Civ. A. 1:00-CV-9470DE, 2000 WL 34440850, *5 (N.D.Ga. July 5, 2000); *see also APA Excelsior III L.P. v. Premiere Technologies, Inc.*, 49 F.Supp.2d 664, 668 (S.D.N.Y. 1999) ("[i]t is well established that the existence of a related action pending in the transferee court weighs heavily towards transfer"); *Weber v. Basic Comfort Inc.*, 155 F.Supp.2d 283, 286 (E.D.Pa. 2001) ("[t]he presence of a related case in the transferee forum] is powerful enough to tilt the balance in favor of transfer even when the convenience of parties and witnesses would suggest the opposite").[4]

Bank of America also argues that its choice of forum "should be given substantial deference." Opp. at 6. But this argument ignores the pending bankruptcy action and the resulting presumption that civil proceedings should be tried where the bankruptcy case is pending. *See Bank of America, NT & SA*, 1998 U.S. Dist. LEXIS 5359, at *15; 1 COLLIER ON BANKRUPTCY, ¶ 4.04[1]. Courts repeatedly have recognized that the "need to centralize bankruptcy-related proceedings" is "an interest of paramount importance in the bankruptcy laws." *Stamm v. Rapco Foam, Inc.*, 21 B.R. 715, 721 (Bankr. W.D. Pa. 1982) (citations omitted); *see also Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 55, 57 (2d Cir. 1976). Courts also have held that "[p]laintiff's choice of forum is also entitled to less deference where, as here, the facts underlying the cause of action occurred elsewhere." *Hoffman v. Medquist, Inc.*, 2005 WL 3095713, *2 n.1 (N.D.Ga. 2005), *citing Gould v. National Life Insurance Co.*, 990 F.Supp. 1354, 1358 (M.D.Ala. 1998) ("when 'the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is

---

[4] *See also Schouman v. Schouman* No. Civ. A. 96-11588, 1996 WL 721195, *5 (D. Mass., December 10, 1996) ("Judge Gilmore is familiar with the facts and issues in the case, and has made previous orders involving the same property and parties. The more appropriate decision maker, both specifically for the motion to remand and more generally for the disposition of plaintiff's claims, is thus Judge Gilmore.)

entitled to less consideration'"). Further, Plaintiff's choice of forum was the Delaware Court of Chancery, not this Court. Accordingly, once the action is deemed properly before this Court, Bank of America's argument based on its own choice of form has little weight, and the motion to transfer should be granted.

## III. CONCLUSION

For the foregoing reasons and the reasons stated in Defendants' Opening Brief, this action should be transferred to the United States District Court for the Eastern District of Virginia.

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

David C. McBride (#408)
Martin S. Lessner (#3109)
Christian Douglas Wright (#3554)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
cwright@ycst.com

*Attorneys for Defendants US Airways, Inc., US Airways Group, Inc. and America West Airlines, Inc.*

OF COUNSEL:

Mark H. Epstein
Kristin Linsley Myles
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071-1560
(213) 683-9100

DATED: December 7, 2005

**CERTIFICATE OF SERVICE**

I, Christian Douglas Wright, Esquire, hereby certify that on December 7, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Richard L. Horwitz, Esquire
Kevin R. Shannon, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
PO Box 951
Wilmington, DE 19899-0951

Kenneth J. Nachbar, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
PO Box 1347
Wilmington, DE 19899-1347

I further certify that on December 7, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

[signature]
Christian Douglas Wright (#3554)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
cwright@ycst.com

*Attorneys for Defendants US Airways, Inc., US Airways Group, Inc. and America West Airlines, Inc.*