# TAB 10

Westlaw.

Not Reported in F.Supp.2d                                                Page 1

Not Reported in F.Supp.2d, 2001 WL 253115 (Jud.Pan.Mult.Lit.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Only the Westlaw citation is currently available.
Judicial Panel on Multidistrict Litigation.
In re COOPER TIRE & RUBBER CO. TIRES
PRODUCTS LIABILITY LITIGATION
No. 1393.

Feb. 23, 2001.

BEFORE WM. TERRELL HODGES, FN*
CHAIRMAN, LOUIS C. BECHTLE, JOHN F.
KEENAN, MOREY L. SEAR, BRUCE M. SELYA
, JULIA SMITH GIBBONS and D. LOWELL
JENSEN, Judges of the Panel.

FN* Judge Hodges took no part in the
decision of this matter.

TRANSFER ORDER

BECHTLE, J.
*1 This litigation consists of the seventeen actions
listed on Schedule A and pending in seventeen
districts as follows: one action each in the District
of Alaska, Western District of Arkansas, District of
Arizona, Southern District of California, Middle
District of Florida, Southern District of Illinois,
Eastern District of Louisiana, District of Maryland,
District of Montana, Eastern District of North
Carolina, District of New Mexico, Southern District
of Ohio, Northern District of Oklahoma, District of
Puerto Rico, District of South Carolina, Southern
District of Texas and District of Vermont. FN1
Before the Panel is a motion by Cooper Tire &
Rubber Company (Cooper) for transfer of actions in
this docket for coordinated or consolidated pretrial
proceedings pursuant to 28 U.S.C. § 1407. Plaintiffs
in all actions oppose Section 1407 centralization,
principally on the ground that motions to remand
these actions to their respective state courts are
pending or anticipated and that federal
jurisdictional issues should be resolved in each

action prior to centralization for Section 1407
proceedings.

FN1. Nine of the actions on Schedule A,
currently pending in the Alaska,
California, Florida, Illinois, Maryland,
Montana, Puerto Rico, South Carolina and
Vermont federal district courts, were not
included in the Section 1407 motion in this
docket, but are now included in this
transfer order, because all parties to these
actions have stated in writing their
respective positions and had the
opportunity to present oral argument at the
Panel's January 18, 2001, hearing in this
matter.

In addition, two actions that were subject
to this Section 1407 motion have been
remanded to state court: *Anthony Talalai,
et al. v. Cooper Tire & Rubber Co.,* D.
New Jersey, C.A. No. 2:00-5694; and
*Craig W. Dunn v. Cooper Tire & Rubber
Co.,* D. North Dakota, C.A. No. 1:00-136.
Accordingly, the question of Section 1407
transfer with respect to these actions is
moot.

Also, Cooper has notified the Panel of the
pendency of four additional, potentially
related actions pending in the District of
Rhode Island, District of Idaho, Eastern
District of Pennsylvania and District of
South Carolina. These actions and any
other newly filed actions that come to the
Panel's attention will be treated as potential
tag-along actions. *See* Rules 7.4 and 7.5,
R.P.J.P.M.L., 192 F.R.D. 459, 468-470
(2000).

On the basis of the papers filed and the hearing
held, the Panel finds that the actions in this
litigation involve common questions of fact, and
that centralization under Section 1407 in the
Southern District of Ohio before the Honorable

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2001 WL 253115 (Jud.Pan.Mult.Lit.)
**(Cite as: Not Reported in F.Supp.2d)**

John D. Holschuh will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve allegations relating to Cooper's tire design and its manufacturing process, specifically including allegations relating to a practice known as awl puncturing and whether it causes any defect in Cooper steel belted radial tires. Motion practice and relevant discovery will overlap substantially in each action. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs' objection to Section 1407 transfer based upon the pendency of or anticipated filing of motions to remand in each action is unpersuasive. We note that jurisdictional and remand motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir.1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L.1973).

Given the geographic dispersal of constituent actions, many suitable transferee districts emerge. By centralizing this litigation in the Southern District of Ohio before Judge Holschuh, before whom one of the constituent actions is already pending, we are confident that we are entrusting this assignment to an able jurist.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of Ohio be, and the same hereby are, transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable John D. Holschuh for coordinated or consolidated pretrial proceedings with the action pending there.

### SCHEDULE A

**\*2** *MDL-1393-In re Cooper Tire & Rubber Co. Tires Products Liability Litigation*
*District of Alaska*

*Jalmer Alto v. Cooper Tire & Rubber Co.,* C.A. No. 3:00-361
*Western District of Arkansas*

*Tammy D. Edwards v. Cooper Tire & Rubber Co.,* C.A. No. 6:00-6214
*District of Arizona*

*William L. Morris v. Cooper Tire & Rubber Co.,* C.A. No. 2:00-2206
*Southern District of California*

*Steven J. Adams v. Cooper Tire & Rubber Co.,* C.A. No. 3:00-2341
*Middle District of Florida*

*William Coggin v. Cooper Tire & Rubber Co.,* C.A. No. 5:00-399
*Southern District of Illinois*

*Michelle Berends v. Cooper Tire & Rubber Co.,* C.A. No. 3:00-916
*Eastern District of Louisiana*

*Peter Rusck, Sr. v. Cooper Tire & Rubber Co.,* C.A. No. 2:00-3435
*District of Maryland*

*Daniel Namovicz v. Cooper Tire & Rubber Co.,* C.A. No. 1:00-3676
*District of Montana*

*Jana Rodger v. Cooper Tire & Rubber Co.,* C.A. No. 4:00-149
*Eastern District of North Carolina*

*Diane Justice, et al. v. Cooper Tire & Rubber Co.,* C.A. No. 7:00-236
*District of New Mexico*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2001 WL 253115 (Jud.Pan.Mult.Lit.)
**(Cite as: Not Reported in F.Supp.2d)**

*Pierre Villanueva v. Cooper Tire & Rubber Co.,*
C.A. No. 1:00-1642
*Southern District of Ohio*

*William Renold Skeens, et al. v. Cooper Tire &
Rubber Co.,* C.A. No. 2:00-1334
*Northern District of Oklahoma*

*Scott Hobbs v. Cooper Tire & Rubber Co.,* C.A.
No. 4:00-998
*District of Puerto Rico*

*Jose A. Rodriguez-Montes v. Cooper Tire & Rubber
Co.,* C.A. No. 3:00-2543
*District of South Carolina*

*Robert C. Hebbard v. Cooper Tire & Rubber Co.,*
C.A. No. 2:00-4005
*Southern District of Texas*

*Michael Deck v. Cooper Tire & Rubber Co.,* C.A.
No. 4:00-4047
*District of Vermont*

*Michael Chaffee v. Cooper Tire & Rubber Co.,*
C.A. No. 2:00-474

Jud.Pan.Mult.Lit.,2001.
In re Cooper Tire & Rubber Co. Tires Products
Liability Litigation
Not Reported in F.Supp.2d, 2001 WL 253115
(Jud.Pan.Mult.Lit.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# TAB 11

Westlaw.

237 F.Supp.2d 1377                                                                              Page 1

237 F.Supp.2d 1377
**(Cite as: 237 F.Supp.2d 1377)**


H

Judicial Panel on Multidistrict Litigation.
In re PHARMACEUTICAL INDUSTRY
AVERAGE WHOLESALE PRICE LITIGATION
State of Minnesota v. Pharmacia Corp., D.
Minnesota, C.A. No. 0:02-1779
**No. MDL-1456.**

Dec. 11, 2002.

Plaintiff in one of multiple class actions brought
against pharmaceutical companies moved to vacate
order, 201 F.Supp.2d 1378, which had transferred
cases to single district for coordinated or
consolidated pretrial proceedings. The Judicial
Panel on Multidistrict Litigation, Hodges,
Chairman, held that transfer was warranted.

Motion denied.

West Headnotes

**[1] Federal Courts 170B** ⟨⟩**157**

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)5    Multi-District    Litigation;
Transfer for Pre-Trial Proceedings
                170Bk157 k. Effect of Transfer and
Subsequent Proceedings. Most Cited Cases
Plaintiff in case removed to federal court and then
transferred to district where other similar cases are
pending for coordinated or consolidated pretrial
proceedings can present remand motion to
transferee judge. 28 U.S.C.A. §§ 1407, 1446, 1447.

**[2] Federal Courts 170B** ⟨⟩**152.5**

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)5    Multi-District    Litigation;

Transfer for Pre-Trial Proceedings
                170Bk152    Particular    Transferable
Cases
                    170Bk152.5 k. In General. Most
Cited Cases
(Formerly 170Bk152)
Transfer of state's suit against pharmaceutical
companies to judicial district where other class
actions against companies were pending, for
coordinated or consolidated pretrial proceedings,
was warranted; limitations on judicial panel's
authority to transfer parens patriae actions for trial
did not preclude their transfer for pretrial
proceedings. 28 U.S.C.A. § 1407(h).


Before WM. TERRELL HODGES, Chairman,
JOHN F. KEENAN, MOREY L. SEAR, FN*
BRUCE M. SELYA, JULIA SMITH GIBBONS,
D. LOWELL JENSEN and J. FREDERICK MOTZ,
Judges of the Panel.

> FN* Judge Sear did not participate in the
> decision of this matter. In light of the fact
> that three other Panel members could be
> members of the putative classes in this
> litigation, i) these Panel members have
> renounced any claim as putative class
> members, and in any event ii) the Panel is
> invoking the "rule of necessity" to decide
> the matter now before it. *See In re
> Wireless Telephone Radio Frequency
> Emissions Products Liability Litigation,*
> 170    F.Supp.2d    1356,    1357-58
> (Jud.Pan.Mult.Lit.2001).


TRANSFER ORDER

WILLIAM TERRELL HODGES, Chairman.
Presently before the Panel is a motion, pursuant to
Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36
(2001), by the State plaintiff in this action (*State of
Minnesota* ) to vacate the Panel's order

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

237 F.Supp.2d 1377
**(Cite as: 237 F.Supp.2d 1377)**

conditionally transferring *State of Minnesota* to the District of Massachusetts for inclusion in the Section 1407 proceedings occurring there in this docket. Defendant Pharmacia Corp. (Pharmacia) favors inclusion of this action in Section 1407 proceedings.

[1] On the basis of the papers filed and hearing session held, the Panel finds that *State of Minnesota* involves common questions of fact with the actions in this litigation previously transferred to the District of Massachusetts, and that transfer of this action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We note that the pending motion to remand *State of Minnesota* to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (Jud.Pan.Mult.Lit.2001). The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. **\*1379** The Panel held that the District of Massachusetts was a proper Section 1407 forum for actions concerning whether (either singly or as part of a conspiracy) the pharmaceutical defendants engaged in fraudulent marketing, sales and/or billing schemes by unlawfully inflating the average wholesale price of certain prescription drugs in order to increase the sales of these drugs to health care professionals and thereby boost the pharmaceutical companies' profits. *See In re Pharmaceutical Industry Average Wholesale Price Litigation,* 201 F.Supp.2d 1378 (Jud.Pan.Mult.Lit.2002).

[2] The State plaintiff objects to Section 1407 transfer on the ground that *State of Minnesota* does not share sufficient questions of fact with previously centralized actions to warrant inclusion in Section 1407 proceedings. Transfer under Section 1407, however, has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation,* 407 F.Supp. 1403, 1404 (Jud.Pan.Mult.Lit.1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation,* 152 F.Supp.2d 1378 (Jud.Pan.Mult.Lit.2001).

The State plaintiff also objects to Section 1407 transfer arguing that i) Section 1407(h) authorizes the Panel only to transfer *parens patriae* actions brought under Section 4C of the Clayton Act, 15 U.S.C. § 15c, and not any other type of *parens patriae* action, such as the present action, and ii) statutory interpretation dictates that only Clayton Act *parens patriae* actions can be transferred under Section 1407. We disagree. The Panel has consistently interpreted Section 1407(h) to authorize the Panel to transfer Clayton Act *parens patriae* actions for trial, in addition to pretrial, proceedings rather than as a limit on the Panel's authority to transfer any type of *parens patriae* action for pretrial proceedings under Section 1407(a). In addition, Congress clearly excluded certain types of actions from being subject to Section 1407(a) transfer in Section 1407(g) and this subsection does not exclude *parens patriae* actions from Section 1407(a) transfer. *See In re Pharmaceutical Industry Average Wholesale Price Litigation,* MDL-1456 (Jud.Pan.Mult.Lit. Oct. 16, 2002) (inclusion of three non-Clayton Act *parens patriae* actions in Section 1407 proceedings in MDL-1456); *In re Managed Care Litigation,* MDL-1334 (Jud.Pan.Mult.Lit. Apr. 17, 2001) (inclusion of one *parens patriae* action brought under the federal Employee Retirement Income Security Act in Section 1407 proceedings); *In re Disposable Contact Lens Antitrust Litigation,* MDL-1030 (Jud.Pan.Mult.Lit. Dec. 1, 1998) ( *parens patriae* actions brought under the Clayton Act which were included in MDL-1030 pretrial proceedings under Section 1407(a) are remanded and, then, retransferred to MDL-1030 under Section 1407(h)) (unpublished orders).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, *State of Minnesota v. Pharmacia*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

237 F.Supp.2d 1377
**(Cite as: 237 F.Supp.2d 1377)**


*Corp.,* D. Minnesota, C.A. No. 0:02-1779, is
transferred to the District of Massachusetts and,
with the consent of that court, assigned to the
Honorable Patti B. Saris for inclusion in the
coordinated or consolidated pretrial proceedings
occurring there in this docket.

Jud.Pan.Mult.Lit.,2002.
In re Pharmaceutical Industry Average Wholesale
Price Litigation
237 F.Supp.2d 1377

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# TAB 12

Not Reported in F.Supp.2d                                                                        Page 1

Not Reported in F.Supp.2d, 2002 WL 31108228 (Jud.Pan.Mult.Lit.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Only the Westlaw citation is currently available.
Judicial Panel on Multidistrict Litigation.
In re PHENYLPROPANOLAMINE (PPA)
PRODUCTS LIABILITY LITIGATION
Kenneth BEVIS, et al.
v.
GLAXOSMITHKLINE CORP., et al.,
Phillip WIGGINS, et al.
v.
AMERICAN HOME PRODUCTS CORP., et al.,
Melissa Ann KOBAR, etc.
v.
NOVARTIS CORP., et al.,
Dorothy U. NEWELL, et al.
v.
AMERICAN HOME PRODUCTS CORP., et al.,
Gregory L. DAVIS, et al.
v.
AMERICAN HOME PRODUCTS CORP., et al.,
Edna M. BARNETT, et al.
v.
AMERICAN HOME PRODUCTS CORP., et al.,
Bobby ROBINSON
v.
BAYER CORP., et al.,
Bridgette POLLARD, etc.
v.
BAYER CORP., et al.,
Marjorie M. McQUIRTER
v.
CHATTEM, INC., et al.,
**No. CV01 J2303NW.**

March 4, 2002.

Before WM. TERRELL HODGES, Chairman,
JOHN F. KEENAN, MOREY L. SEAR, BRUCE
M. SELYA, FN*JULIA SMITH GIBBONS, D.
LOWELL JENSEN and J. FREDERICK MOTZ,[*]
Judges of the Panel.

FN* Judge Selya took no part in the

decision of this matter. Additionally,
Judge Motz took no part in the decision
of this matter with respect to the *Newell* and
*Barnett* Southern District of Mississippi
actions.

TRANSFER ORDER

**\*1** Before the Panel are motions brought, pursuant
to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36
(2001), by plaintiffs in nine Northern District of
Alabama, District of Arizona and Southern District
of Mississippi actions. These parties move the Panel
to vacate its orders conditionally transferring their
actions to the Western District of Washington for
inclusion in the centralized pretrial proceedings
occurring there in this docket before Judge Barbara
Jacobs Rothstein. Various defendants in the actions
support transfer.

On the basis of the papers filed and hearing session
held, the Panel finds that these actions involve
common questions of fact with actions in this
litigation previously transferred to the Western
District of Washington, and that transfer of the
actions to that district for inclusion in the
coordinated or consolidated pretrial proceedings
occurring there will serve the convenience of the
parties and witnesses and promote the just and
efficient conduct of the litigation. The Panel is
persuaded that transfer of the actions is appropriate
for reasons expressed by the Panel in its original
order directing centralization in this docket. The
Panel held that the Western District of Washington
was the proper Section 1407 forum for actions
brought by persons allegedly injured by products
containing    Phenylpropanolamine-a    substance
which, until it recently became the subject of a
public health advisory issued by the Food and Drug
Administration, was used as an ingredient in many
nasal decongestants and weight control products.
*See In re Phenylpropanolamine (PPA) Products
Liability    Litigation*,    173    F.Supp.2d    1377

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 31108228 (Jud.Pan.Mult.Lit.)
**(Cite as: Not Reported in F.Supp.2d)**

(J.P.M.L.2001).

Certain of the plaintiffs premise much of their opposition to transfer on the pendency in their actions of motions to remand to state court. They urge the Panel not to order transfer before the motions are resolved by the transferor court. We note, however, that remand and other motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir.1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L.1973).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these nine actions are transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable Barbara Jacobs Rothstein for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

Jud.Pan.Mult.Lit.,2002.
In re Phenylpropanolamine (PPA) Products Liability Litigation
Not Reported in F.Supp.2d, 2002 WL 31108228 (Jud.Pan.Mult.Lit.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# TAB 13

Westlaw.

Not Reported in F.Supp.

Not Reported in F.Supp., 1997 WL 564075 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

**H**
Only the Westlaw citation is currently available.
United States District Court, N.D. California.
In Re SYNTHROID MARKETING LITIGATION
**No. 1182.**

Aug. 21, 1997.

BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., FN*WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, FN* JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE, Judges of the Panel

FN* Judges Merhige and Brimmer took no part in the decision of this matter.

*TRANSFER ORDER*

NANGLE, Chairman.
*1 This litigation presently consists of eighteen actions in the following federal districts: six actions in the Northern District of California, two actions in the Southern District of Texas and one action each in the Eastern District of Arkansas, Central District of California, Northern District of Georgia, District of Hawaii, Northern District of Illinois, Western District of Louisiana, Eastern District of Missouri, Southern District of Mississippi, District of New Mexico and Eastern District of Oklahoma. FN1 Before the Panel is a motion by BASF Corp. (BASF) and Knoll Pharmaceutical Company (Knoll) to centralize actions in this docket, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings in either the District of New Jersey or the Northern District of Illinois. In written responses various plaintiffs favored centralization in either the Illinois court or the Northern District of California, while other plaintiffs opposed the motion and, alternatively, favored centralization in the Southern District of Mississippi. At the hearing, movants' counsel

represented that i) a global settlement of federal and state court actions is nearly complete, and ii) movants and a group of plaintiffs now agree upon centralization in the Illinois court.

FN1. One additional action, *Park Medical Pharmacy, Inc. v. Knoll Pharmaceutical Co.,* N.D. California, C.A. No. 3:97-1601, has been dismissed. Accordingly, the question of 1407 transfer of this action is moot.
The Illinois, Oklahoma, *Gervais* Texas, and *Quaid, Fischer* and *Bertucci* Northern California actions are included in this order, because all parties submitted written responses and had the opportunity to present oral argument at the Panel's August 1997 hearing in this matter.
The Panel has been notified that additional actions have been recently filed in the following federal districts: Northern District of Alabama, Southern District of Alabama, Central District of California, Northern District of California, District of Colorado, Southern District of Ohio, District of Oregon, Southern District of Texas and the District of the District of Columbia. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 147 F.R.D. 589, 596-97 (1993).

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact concerning allegations that BASF and Knoll fraudulently marketed Synthroid FN2 by falsely representing to purchasers that Synthroid had no generic bioequivalents. Centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                Page 2

Not Reported in F.Supp., 1997 WL 564075 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

litigation, while accordingly being desirable in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Collecting all federal court actions under Section 1407 will have the salutary effect of placing these actions under the supervision of one federal judge who can ensure that any pretrial proceedings in the federal court actions will be conducted in a manner leading to the just and expeditious resolution of all actions, including the effect upon the federal court actions of any global settlement in this litigation. We note that any pending motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir.1990) ; *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L.1973).

> FN2. Synthroid is a synthetic hormone used to treat thyroid disease; Synthoid's active ingredient is levothyroxine sodium.

On balance, we are persuaded that the Northern District of Illinois is the most appropriate transferee forum. We note that several parties now agree upon centralization in this court and one action is pending there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Northern District of Illinois be, and the same hereby are, transferred to the Northern of Illinois and, with the consent of that court, assigned to the Honorable Elaine E. Bucklo for coordinated or consolidated pretrial proceedings with the action pending there.

Schedule A

*MDL-1182-In re Synthroid Marketing Litigation*

*Eastern District of Arkansas*

*2 *Julia Cash, etc. v. BASF Corp., et al.,* C.A. No.

4:97-188

*Central District of California*

*Diane Brune, et al. v. Knoll Pharmaceutical Co., et al.,* C.A. No. 8:97-376

*Northern District of California*

*Sandra B. Scheibel, et al. v. Knoll Pharmaceutical Co., et al.,* C.A. No. 3:97-1578
*Park Medical Pharmacy, Inc. v. Knoll Pharmaceutical Co., et al .,* C.A. No. 3:97-1584
*Rosalie Komins, et al. v. Knoll Pharmaceutical Co., et al.,* C.A. No. 3:97-1745
*Julie Ann Quaid v. Knoll Pharmaceutical Co., et al.,* C.A. No. 3:97-1881
*Joseph D. Bertucci v. Knoll Pharmaceutical Co., et al.,* C.A. No. 3:97-1977
*Mae Fischer v. Knoll Pharmaceutical Co., et al.,* C.A. No. 3:97-1965

*Northern District of Georgia*

*Clifford Wright v. BASF Corp., et al.,* C.A. No. 1:97-591

*District of Hawaii*

*Eleanor M. Cox, et al. v. BASF Corp., et al.,* C.A. No. 1:97-319

*Northern District of Illinois*

*Letty Estrella, et al. v. The Boots Company PLC, et al.,* C.A. No. 1:97-4080

*Western District of Louisiana*

*Charles Friday v. BASF Corp., et al.,* C.A. No. 5:97-407

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1997 WL 564075 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.)**

*Eastern District of Missouri*

*Degno Gherardini v. BASF Corp., et al.,* C.A. No. 4:97-338

*Southern District of Mississippi*

*Thomas Rand Benefield v. Boots Pharmaceuticals, Inc., et al.,* C.A. No. 1:97-215

### RULE 19: TRANSFER OF FILES

(a) Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

(b) If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. § 1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. § 1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet.

(c) If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d) Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:
(i) a certified copy of the individual docket sheet for

each action being remanded;
*3 (ii) a certified copy of the master docket sheet, if applicable;
(iii) the entire file for each action being remanded;
(iv) a certified copy of the final pretrial order, if applicable; and
(v) a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e) The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.

N.D.Cal.,1997.
In re Synthroid Marketing Litigation
Not Reported in F.Supp., 1997 WL 564075 (N.D.Cal.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# TAB 14

LEXSEE 2002 U.S. DIST. LEXIS 23418

**SHERIFF HARRY LEE, et al. VERSUS FORD MOTOR COMPANY**

**CIVIL ACTION NO: 02-2957 SECTION: "R" (2)**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
LOUISIANA**

*2002 U.S. Dist. LEXIS 23418*

**December 3, 2002, Decided
December 3, 2002, Filed, Entered**

**DISPOSITION:** [*1] Plaintiffs' motion to reconsider
stay order denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, a sheriff and
others, purchased motor vehicles that allegedly had hid-
den defects. Plaintiffs filed a petition for damages in
state court against defendants, a manufacturer and sev-
eral in-state auto dealers. The manufacturer removed the
case to the instant court. Plaintiffs moved to remand. The
instant court stayed the lawsuit pending the decision of
the Multidistrict Litigation Panel. Plaintiffs moved for
reconsideration.

**OVERVIEW:** The manufacturer asserted that the in-
state defendants were fraudulently joined. The instant
court determined that the case could have been related to
an action before the panel. If the remand issues presented
in the lawsuit were common to other cases before the
panel, a decision on remand by the transferee judge
would have avoided duplicative discovery and conflict-
ing pretrial rulings. Plaintiffs' motion to remand raised
the issue of whether the in-state dealers were fraudu-
lently joined. The instant court found that this was an
issue that was likely to have been common in cases aris-
ing out of defects in the motor vehicles purchased by
police departments elsewhere in Louisiana and across the
country. Therefore, the instant court concluded that con-
siderations of efficiency and the possibility of inconsis-
tent rulings counseled in favor of staying these proceed-
ings.

**OUTCOME:** Plaintiffs' motion to reconsider the stay
order was denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Venue > Coordination for Trial
Governments > Courts > Authority to Adjudicate
Civil Procedure > Removal > Postremoval Remands*
[HN1] The Multidistrict Litigation Panel certainly has
the power to determine the question of remand.

*Civil Procedure > Venue > Coordination for Trial
Governments > Courts > Authority to Adjudicate*
[HN2] The pendency of a transfer order does not limit
the authority of a court to rule upon matters properly
presented to it for decision.

**COUNSEL:** For HARRY LEE, TERREBONNE
PARISH CONSOLIDATED GOVERNMENT, CRAIG
WEBRE, GRETNA CITY, CHARLES C FOTI, JR,
JERRY J LARPENTER, MARK W SHUMATE,
DANNY MCGREW, HAROLD TURNER, MIKE
WAGUESPACK, WILLIAM O BELT, JOHN E
BALLANCE, RANDY J MAXWELL, KENNETH L
VOLENTINE, WAYNE HOUCK, LARRY G COX,
VICTOR JONES, JR, ROBERT G BUCKLEY,
WAYNE L JONES, WILLY J MARTIN, JR, RICKY A
JONES, GARY K BENNETT, J AUSTIN DANIEL,
BOLIVAR BISHOP, STEPHEN PRATOR, STEVE
MAY, RODNEY ARBUCKLE, ELMER LITCHFIELD,
MICHAEL NEUSTROM, CARL SMITH, WILLIE
GRAVES, plaintiffs: Michael X. St. Martin, Conrad S. P.
Williams, III, Joseph G. Jevic, III, St. Martin & Wil-
liams, Houma, LA.

For HARRY LEE, TERREBONNE PARISH
CONSOLIDATED GOVERNMENT, CRAIG WEBRE,
GRETNA CITY, CHARLES C FOTI, JR, JERRY J
LARPENTER, MARK W SHUMATE, DANNY
MCGREW, HAROLD TURNER, MIKE
WAGUESPACK, WILLIAM O BELT, JOHN E

BALLANCE, RANDY J MAXWELL, KENNETH L VOLENTINE, WAYNE HOUCK, LARRY G COX, VICTOR JONES, JR, ROBERT G BUCKLEY, WAYNE L JONES, WILLY J MARTIN, JR, RICKY A JONES, GARY K BENNETT, J AUSTIN DANIEL, BOLIVAR BISHOP, STEPHEN PRATOR, STEVE MAY, RODNEY ARBUCKLE, ELMER LITCHFIELD, MICHAEL NEUSTROM, [*2] CARL SMITH, plaintiffs: Thomas Allen Usry, Lambert Joseph Hassinger, Jr., Usry, Weeks & Matthews, Glenn Charles McGovern, Glenn C. McGovern, Attorney at Law, Philip Charles Ciaccio, Jr., Philip C. Ciaccio, Jr., Attorney at Law, New Orleans, LA.

For WILLIE GRAVES, plaintiff: Thomas Allen Usry, Lambert Joseph Hassinger, Jr., Usry, Weeks & Matthews, Glenn Charles McGovern, Glenn C. McGovern, Attorney at Law, New Orleans, LA.

For HARRY LEE, TERREBONNE PARISH CONSOLIDATED GOVERNMENT, CRAIG WEBRE, GRETNA CITY, CHARLES C FOTI, JR, JERRY J LARPENTER, MARK W SHUMATE, DANNY MCGREW, HAROLD TURNER, MIKE WAGUESPACK, WILLIAM O BELT, JOHN E BALLANCE, RANDY J MAXWELL, KENNETH L VOLENTINE, WAYNE HOUCK, LARRY G COX, VICTOR JONES, JR, ROBERT G BUCKLEY, WAYNE L JONES, WILLY J MARTIN, JR, RICKY A JONES, GARY K BENNETT, J AUSTIN DANIEL, BOLIVAR BISHOP, STEPHEN PRATOR, STEVE MAY, RODNEY ARBUCKLE, ELMER LITCHFIELD, MICHAEL NEUSTROM, CARL SMITH, plaintiffs: Calvin Clifford Fayard, Jr., Fayard & Honeycutt, Denham Springs, LA.

**JUDGES:** SARAH S. VANCE, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** SARAH S. VANCE

**OPINION:**

### ORDER AND REASONS

Before the Court is plaintiffs' motion to reconsider the Court's decision [*3] to stay this lawsuit. For the following reasons, the Court denies plaintiffs' motion.

### I. BACKGROUND

This matter arises out of plaintiffs' purchase and use of Ford Crown Victoria Police Interceptors, motor vehicles that allegedly have hidden defects. On August 23, 2002, plaintiffs filed a petition for damages in state court against Ford Motor Company, the manufacturer of the vehicles, and several in-state auto dealers who sold plaintiffs the vehicles. Ford timely removed the case to this Court asserting that the in-state defendants were fraudulently joined. On October 18, 2002, plaintiffs moved to remand. In a Minute Entry dated November 8, 2002, this Court determined that this case may be related to Multidistrict Litigation Panel 1488, which has been notified of the pendency of this action and which will make a determination concerning whether this case should be transferred to the MDL panel. The Court ordered that this lawsuit be stayed pending the decision of the MDL. Plaintiffs now move the Court to reconsider the stay order and urge the Court to take up their motion to remand.

### II. Discussion

[HN1] The MDL panel "certainly has the power to determine the question [*4] of remand." *Calvin Boudreaux v. Metropolitan Life Ins. Co., 1995 U.S. Dist. LEXIS 2656, 1995 WL 83788, *2* (1995) (*quoting In re Air Crash Disaster at Florida, 368 F. Supp. 812, 813 (JPML 1973)*). If the remand issues presented in this lawsuit are common to other cases before the MDL panel, a decision on remand by the transferee judge would avoid "duplicative discovery and conflicting pretrial rulings." *Id.* Plaintiffs' motion to remand raises the issue of whether the in-state dealers were fraudulently joined. This is an issue that is likely to be common in cases arising out of defects in Crown Victorias purchased by police departments elsewhere in Louisiana and across the country. Therefore, although [HN2] the pendency of a transfer order does not limit the authority of this Court to rule upon matters properly presented to it for decision, *Id.,* the Court concludes that considerations of efficiency and the possibility of inconsistent rulings counsel in favor of staying these proceedings.

### III. Conclusion

For the foregoing reasons, plaintiffs' motion to reconsider the stay order is denied.

New Orleans, Louisiana, this 3rd day of December, 2002.

SARAH S. VANCE [*5]

UNITED STATES DISTRICT JUDGE

# TAB 15

Westlaw.

Not Reported in F.Supp.

Page 1

Not Reported in F.Supp., 1992 WL 19248 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

**C**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
Will LEWIS, et al., Plaintiffs,
v.
RESOLUTION TRUST CORP., as receiver for
GREAT AMERICAN BANK, Defendant.
**Civ. A. No. 91-2870-LFO.**

Jan. 17, 1992.

ORDER

OBERDORFER, District Judge.
**\*1** On November 20, 1991, a show cause order was issued directing counsel for both parties to show cause on or before December 18, 1991 why this action should not be transferred to the United States District Court for the Western District of Washington in the interest of justice pursuant to 28 U.S.C. § 1404(a). On December 17, 1991, the Resolution Trust Corporation (RTC) filed a response requesting that this matter be transferred to the United States District Court for the Southern District of California. The RTC indicated that Great American Bank's principal place of business is located in San Diego, California, that defendant's witnesses are located there, that the relevant records are kept there and that the consulting agreements between plaintiff and Great American Bank provide that all writings and correspondence shall be forwarded to Great American's principal office in San Diego, California. Plaintiff has not filed a response to the show cause order or to RTC's response. Accordingly, this case will be transferred to the United States District Court for the Southern District of California.

RTC also requests that the Court hold the order granting transfer in abeyance until the time for filing a motion for remand has lapsed. RTC argues that the jurisdictional question of remand is more

appropriately addressed before the venue question. In addition, RTC argues that the Financial Institutions Reform Recovery and Enforcement Act of 1989 (FIRREA) provided a uniform national approach for resolving the thrift crises, which somehow requires this court rule on all removals. As Judge Gesell noted in *Resolution Trust Corp. v. Davis, et al.,* No. 91-2938 (D.D.C. Dec. 6, 1991), neither contention is availing. FIRREA does not mandate such a stay. *See id.,* slip op. at 4-5. In fact, the statute gives the United States district courts jurisdiction over any case in which the FTC is a party. Since the RTC removal action brought this case to federal court, only the plaintiff would have reason to challenge jurisdiction. As Judge Gesell observed, plaintiff can challenge removal more easily and with far less expense in the transferee district. *See id.,* slip op. at 6.

Accordingly, it is this 17th day of January, 1992,

ORDERED: that defendant's request for a stay of the proceedings is DENIED; and it is further

ORDERED: that this case should be and is hereby transferred to the United States District Court for the Southern District of California in the interest of justice pursuant to 28 U.S.C. § 1404(a).

D.D.C.,1992.
Lewis v. Resolution Trust Corp. for Great American Bank
Not Reported in F.Supp., 1992 WL 19248 (D.D.C.)

Briefs and Other Related Documents (Back to top)

• 1:91cv02870 (Docket) (Nov. 06, 1991)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.