# TAB 16

Westlaw.

Not Reported in F.Supp.2d                                                                                                   Page 1
Not Reported in F.Supp.2d, 2004 WL 1242765 (D.N.M.), 2004-1 Trade Cases P 74,473
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents

United States District Court,D. New Mexico.
Brian LYNN, on behalf of himself and all others similarly situated, Plaintiff,
v.
THE PURDUE PHARMA COMPANY, Purdue Pharma, L.P., the Purdue Frederick Company, Purdue Pharmaceuticals, L.P., and P.F. Laboratories, Inc., Defendants.
**No. Civ.04-0300 LH/ACT.**

June 7, 2004.

William M. Audet, Alexander Hawes & Audet LLP, San Francisco, CA, Francis J Balint, Jr.Andrew Friedman, Bonnett, Fairbourn, Friedman & Balint, Phoenix, AZ, Nicholas Koluncich, III, Law Offices of Nicholas Koluncich III, Albuquerque, NM, William WrightBonnett, Fairbourn, Friedman & Balint, Phoenix, AZ, for Brian Lynn on behalf of himself and all others Simi, Plaintiff.
Timothy C Hester, Covington & Burling, Washington, DC, Douglas G. Schneebeck, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, NM, Christopher N Sipes, Covington & Burling, Washington, DC, for Purdue Pharma Company, the, Defendant.
Timothy C Hester, Covington & Burling, Washington, DC, Douglas G. Schneebeck, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, NM, Christopher N Sipes, Covington & Burling, Washington, DC, for Purdue Pharma L.P., Defendant.
Timothy C Hester, Covington & Burling, Washington, DC, Douglas G. Schneebeck, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, NM, Christopher N Sipes, Covington & Burling, Washington, DC, for Purdue Frederick Co., Defendant.
Timothy C Hester, Covington & Burling, Washington, DC, Douglas G. Schneebeck, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, NM, Christopher N Sipes, Covington & Burling, Washington, DC, for Purdue Pharmaceuticals, L.P., Defendant.
Timothy C Hester, Covington & Burling, Washington, DC, Douglas G. Schneebeck, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, NM, Christopher N Sipes, Covington & Burling, Washington, DC, for P.F. Laboratories, Inc., the, Defendant.

MEMORANDUM OPINION AND ORDER

HANSEN, Senior J.
*1 THIS MATTER comes before the Court on Defendants' Motion to Transfer Proceedings to the Southern District of New York (Docket No. 3), filed March 18, 2004; Plaintiff's Motion to Remand (Docket No. 10) and Motion for an Accelerated Briefing Schedule and for an Expedited Hearing Date (Docket No. 11), both filed on March 29, 2004; Defendants' Motion Pursuant to Rule 26(d) for Leave to Engage in Jurisdictional Discovery (Docket No. 17), filed April 9, 2004; Defendants' Conditional Motion to Stay Proceedings Pending Section 1407 Transfer (Docket No. 28), filed April 29, 2004; and Defendants' Motion for Leave to File Surreply on Plaintiff's Motion for Remand (Docket No. 31), filed May 3, 2004. The Court, having considered the Motions, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that Defendants' Motion to Transfer Proceedings to the Southern District of New York is well taken and will be granted, and Defendants' Conditional Motion to Stay Proceedings Pending Section 1407 Transfer will be denied as moot.

Plaintiff Brian Lynn filed his Class Action Complaint for Damages abd [sic] Equitable Relief for Violations of the New Mexico Antitrust and Unfair Practices Act ("Complaint") in the Second Judicial District of the State of New Mexico on February 10, 2004. As alleged in the Complaint,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00793-JJF    Document 26-5    Filed 12/07/2005    Page 3 of 17

Not Reported in F.Supp.2d                                                  Page 2
Not Reported in F.Supp.2d, 2004 WL 1242765 (D.N.M.), 2004-1 Trade Cases P 74,473
**(Cite as: Not Reported in F.Supp.2d)**

[t]his action arises from Defendants' unlawfully obtained and perpetuated monopoly over the manufacture and marketing of the brand-name drug OxyContin.... In obtaining patents for their oxycodone formulation, Defendants provided false and misleading material statements to the United States Patent and Trade Mark [sic] Office ("PTO"). Defendants' patents allowed them to create and maintain a monopoly over the sale of OxyContin and oxycodone hydrochloride c-r. Armed with their invalid and unenforceable patents, Defendants have also attempted to eliminate competition from the sale of generic versions of OxyContin by instituting baseless patent infringement actions against proposed manufacturers of the generic drugs. Thus, Plaintiff and members of the class have been harmed by Defendants' unlawful and anticompetitive conduct by being forced to pay inflated prices for OxyContin, as well as being deprived of the ability to purchase cheaper, more affordable generic versions of the drug.

(Notice of Removal, Ex. A (Complaint) ¶ 1.) Plaintiff brings three counts against Defendants, alleging violation of the New Mexico Antitrust Act and the New Mexico Unfair Practices Act and for unjust enrichment.

As Plaintiff discusses in some detail in his Complaint, this action is related to proceedings brought by Defendants in the Southern District of New York, Purdue Pharma L.P. v. Endo Pharmaceuticals, Inc., Nos. 00 CIV. 8029(SHS), 01 CIV. 2109(SHS), and 01 Civ. 8177(SHS) ("Endo"). (Compl.¶¶ 26-32.) In that case, Judge Stein found that the Endo defendants had infringed on certain patents held by the Purdue plaintiffs, but that the inequitable conduct of the plaintiffs before the PTO during the prosecution of the patents, rendered the patents unenforceable. 2004 WL 26523 (Jan. 5, 2004). Plaintiff's case apparently is one of fifty-nine antitrust lawsuits that have been brought against Defendants following Judge Stein's ruling.

*2 Defendants removed this case to this Court on March 16, 2004, and on March 18, 2004, moved to transfer these proceedings, pursuant to 28 U.S.C. § 1404, to the Southern District of New York. Plaintiff filed his Motion to Remand and Motion for an Accelerated Briefing Schedule and for an Expedited Hearing Date on March 29th. On April 9th, Defendants filed their Motion Pursuant to Rule 26(d) for Leave to Engage in Jurisdictional Discovery. On April 29th, they filed a Notice of Multidistrict Litigation (Docket No. 30), informing the Court that the Judicial Panel on Multidistrict Litigation had issued an order transferring two antitrust cases filed in the District of Connecticut to the Southern District of New York. (Ex. A, *In re OxyContin Antitrust Litigation,* Docket No. 1603 (Apr. 22, 2004).) In its Transfer Order, the Panel also stated that the parties had identified forty-one related actions, twenty-three of which were pending in the Southern District of New York, and that the eighteen not currently in the Southern District of New York and any other related actions would be treated as potential tag-along actions. (*Id.* at 1 n. 1.) While the suit before this Court had not yet been designated a tag-along, Defendants state their intention to so designate it, which would result in the issuance of a conditional transfer order. (Notice of Multidistrict Litigation at 2.) Finally, on May 3, 2004, Defendants filed their Motion for Leave to File Surreply on Plaintiff's Motion for Remand.

In considering the Motions currently before it, the Court initially must decide whether Defendants' Motion to Transfer or Plaintiff's Motion to Remand should be addressed first. Given the circumstances of this case, the Court finds that it is most appropriate to decide the Motion to Transfer before the Motion to Remand.

"Courts have held that where there exists both a Motion to Remand and a Motion to Transfer, a court may decide them in any order." *Friedman v. Purdue Pharma Co.,* No. CIV 04-0404-PHX-EHC, slip op. at 3 (D. Ariz. Jun 2, 2004) (citing *Burse v. Purdue Pharma,* 2004 WL 1125055 (N.D.Cal.2004) (citing *Gould v. Nat'l Life Ins. Co.,* 990 F.Supp. 1354, 1358 (M.D.Ala.1998)))(Ex. A to Defs' Sixth Statement of Recent Decision (Docket No. 47)). Like the *Friedman* court, this Court is persuaded by the reasoning in *Burse,* another of the antitrust actions springing from the *Endo* litigation:
[t]he circumstances of these cases involve a series of nation-wide class actions against identical defendants grounded in a similar factual foundation,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00793-JJF    Document 26-5    Filed 12/07/2005    Page 4 of 17

Not Reported in F.Supp.2d                                                                          Page 3
Not Reported in F.Supp.2d, 2004 WL 1242765 (D.N.M.), 2004-1 Trade Cases P 74,473
**(Cite as: Not Reported in F.Supp.2d)**

that being Purdue's unenforceable patents. The various actions which are ripe for consolidation before the MDL implicate overlapping legal issues, and the pending appeal to the federal Circuit looms over all the related cases. For these reasons, the Court finds that it is appropriate to consider Defendant's motion to transfer prior to Plaintiff's motion for remand.

Id. (quoting Burse, 2004 WL 1125055); see also White v. Purdue Pharma Co., Inc., Case No. 04-00857-GEB, oral ruling (D.N.J. Apr. 19, 2004)(Ex. A to Defendants' Statement of Recent Decision (Docket No. 25)); cf. Schecher v. Purdue Pharma L.P., Case No. 04-4015-JAR, 2004 WL 1078129, *11 & n. 41 (D.Kan. May 6, 2004) (reference as potential tag-along action in Panel's Transfer Order does not limit Court's power to enter order deciding motion to transfer).

*3 Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This statute was enacted to allow easy transfer of a case when justice so requires. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981). Discretion to transfer a case resides in the district court in which the case was originally brought and the decision to transfer should be considered on an individualized, case-by-case basis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

The movant bears the burden of establishing that the current forum is inconvenient. Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp., 579 F.2d 561, 567 (10th Cir.1978). Some of the factors that have been considered by the courts in the Tenth Circuit include: 1) the plaintiff's choice of forum, 2) the convenience of the parties, 3) the convenience of the witnesses, 4) the expense to the parties of one venue over another, 5) difficulties that may arise from congested dockets of the courts, and 6) any considerations of a practical nature that make a trial easy, expeditious, and economical. See, e.g., Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir.1991)(quoting Tex. Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir.1967)); Scheidt v. Klein, 956 F.2d 963 (10th Cir.1992).

There is no question that Defendants have met their burden and that the circumstances here call for transferring this case to the Southern District of New York. As the Schecher court concluded in a related OxyContin antitrust case, "any inconvenience caused to the plaintiff by transfer is far outweighed by the interest of justice, and plaintiff's choice of forum is not entitled to blind deference," particularly when plaintiff is a class representative. 2004 WL 1078129, *12-13, 15. As found by courts that have transferred related cases as of this date, the interests of justice and convenience of the parties and witnesses, particularly considering such factors as the pendency of related litigation in New York, this matter's status as a potential tag-along, Judge Stein's extensive experience with the issues presented, judicial efficiency, the concomitant avoidance of inconsistent results, and the fact that the underlying conduct took place in the New York area, strongly support transfer. See, e.g., White, Case No. 04-00857-GEB; Burse, 2004 WL 1125055; Balloveras v. Purdue Pharma Co., Case Number: 04-20360-CIV-MORENO, 2004 WL 1202854 (S.D. Fla May 19, 2004)(Ex. A to Defendants' Fourth Statement of Recent Decision (Docket No. 42)); Deutsch v. Purdue Pharma Co., Case No. 4:04CV354 JCH (E.D.Mo. May 27, 2004)(Ex. A to Defendants' Fifth Statement of Recent Decision (Docket No. 45)); Friedman, No. CIV 04-0404-PHX-EHC; Williams v. Purdue Pharma Co., Civil Action No. 04-451(EGS)(D.D.C. June 3, 2004)(Ex. A to Defendants' Seventh Statement of Recent Decision (Docket No. 48)).

*4 Having found that Defendants' Motion to Transfer will be granted, Defendants' Conditional Motion to Stay Proceedings Pending Section 1407 Transfer will be denied as moot. The remaining Motions remain to be decided by the transferee court.

IT IS HEREBY ORDERED that Defendants' Motion to Transfer Proceedings to the Southern District of New York (Docket No. 3), filed March

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2004 WL 1242765 (D.N.M.), 2004-1 Trade Cases P 74,473
**(Cite as: Not Reported in F.Supp.2d)**

18, 2004, is GRANTED.

IT IS FURTHER ORDERED that Defendants' Conditional Motion to Stay Proceedings Pending Section 1407 Transfer (Docket No. 28), filed April 29, 2004, is DENIED AS MOOT.

IT IS FURTHER ORDERED that this case is TRANSFERRED to the UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.

D.N.M.,2004.
Lynn v. Purdue Pharma Co.
Not Reported in F.Supp.2d, 2004 WL 1242765 (D.N.M.), 2004-1 Trade Cases P 74,473

Briefs and Other Related Documents (Back to top)

• 1:04cv00300 (Docket) (Mar. 16, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# TAB 17

Westlaw.

Not Reported in F.Supp.    Page 1
Not Reported in F.Supp., 1984 WL 786 (N.D.Fla.), 1984-2 Trade Cases P 66,130
**(Cite as: Not Reported in F.Supp.)**

C

United States District Court; N.D. Florida
Pensacola Division.
METROPOLITAN LIFE INSURANCE
COMPANY, Plaintiff,
v.
HAROLD M. MERCHANT, JR. and LIBERTY
LIFE INSURANCE COMPANY, Defendants.
**No. PCA 83-4296-WEA.**

February 7, 1984.
Memorandum Decision March 30, 1984.

Robert P. Gaines, Esq. P.O. Box 12950 Pensacola, FL 32576, for plaintiff.
Barry Silber, Esq. D.L. Middlebrooks, Esq. P.O. Box 12308 Pensacola, FL 32581, for defendant.
C. Alan Chapman, Esq. Evelyn M. Angeletti, Esq. Liberty Life Insurance Company Wade Hampton Boulevard Greenville, South Carolina 29615.
D. Robert Cumming, Jr., Esq. Sutherland, Asbill and Brennan First Atlanta Tower Atlanta, Georgia 30308.
A. Duncan Whitaker, PC Joseph W. Nields, Jr. Robert G. Joseph Howrey & Simon 1730 Pennsylvania Ave., N.W. Washington, D.C. 20006.

ORDER

ARNOW, Judge.

*1 Before the court are defendants' motions for more definite statement and to stay discovery and plaintiff's motion to remand.

Hearing has been held.

At hearing the court is advised that motion to transfer and consolidate under 28 U.S.C. § 1407 this case with other cases that are filed in federal court in North Carolina and South Carolina has been made and that such motion has been argued and that ruling is expected, hopefully, on such motion within the reasonably near future.

To this court the motion to remand appears to be proper. Defendants removed this case with their theory being that the complaint stated an anti-trust cause of action and such cause of action would be within the original jurisdiction of this court. Plaintiff contends the complaint states a state cause of action and as there is no diversity on the compliant, nor is any such alleged, the case must be remanded for that reason.

Under long standing law the case removed must be one within jurisdiction of both court from which and court to which it is removed and, if state court has no jurisdiction, the federal court acquires none.

Defendants cite Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 69 L.Ed.2d 103, 101 S.Ct. 2424. The case, in its holding and in its footnote 2, does reach a conclusion that appears contrary to that law. As Wright, Miller, Cooper, in the 1982 pocket part supplement, dealing with § 3722, pages 202-203, point out, there are several aspects of the court's statement about removal that are difficult to understand. As these authors suggest, the court's only intention in its footnote may have been to tip the balance in favor of the defendant's right to a federal forum and against the plaintiff's right to be master of his claim in anti-trust actions when the plaintiff already had availed himself of a federal forum and when his state claims as removed would be res judicata from the earlier federal decision.

In any event this court does not believe that the Supreme Court by this decision did away with the jurisdiction rule it and other courts had adopted and concludes that the case may not be considered a precedent to that effect.

At least in this circuit, under Weeks v. Fidelity, 218 F.2d 503, such a case instead of being dismissed is remanded.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Nonetheless, as is pointed out in Moore's Federal Practice, Vol. 1A § 0.168 [4.01] n.21 p.641, when the motion to consolidate federal cases is filed after removal and before a remand motion has been decided, the general rule is that the transferee judge appointed by the judicial panel on multi-district litigation is the proper judge to rule on any motion to remand. This court concludes that, because of that, it should not act on the motion to remand and should enter this order instead.

It is ORDERED as follows:

1. Discovery is this cause is stayed until the Judicial Panel on Multidistrict Litigation rules on defendants' motion to transfer this action, pursuant to 28 U.S.C. § 1407, to the United States District Court for the Western District of North Carolina, Raleigh Division.

\*2 2. Action of this court on motion for more definite statement is stayed pending the further order of the court.

3. Action by this court on the motion to remand is stayed, this court being of the opinion that such motion to remand is properly resolved by the transferee judge.

DONE AND ORDERED.

MEMORANDUM DECISION

After this case was removed from state court Liberty sought to have this and two other cases pending between Metropolitan and Liberty in two other district courts consolidated by the Multi-District Panel for litigation purposes. Its motion was denied.

After denial it contends vigorously in this court that, under the artful pleading doctrine, Metropolitan's motion to remand should be denied.

A good discussion of the artful pleading doctrine, its background and the reasons for it, is found in a case cited by Liberty, Salveson v. Western States Bank Card Assoc., 525 F.Supp. 566 (N.D. Cal. 1981).

As this case points out, federal jurisdiction does not exist simply because the subject matter or the action filed in state court could give rise to a federal law claim as well as a state law claim. A plaintiff is normally free to ground his claim on available state law and ignore federal law. By avoiding allegations which afford a basis for federal jurisdiction, the plaintiff may defeat removal unless diversity exists or unless the claim, though ostensibly asserted under state law, is in fact a federal claim that by artful pleading is misrepresented in order to defeat defendant's right to a federal forum.

Here there is no diversity jurisdiction; the defendant in this case stands or falls on the application of the artful pleading doctrine.

As the case points out, there must be something more involved than the assertion that the claim made under state law could also have been made under federal law. There must be a factual situation giving rise to, or supporting or justifying, a finding by the court that the plaintiff, by pursuing a state court claim, has by artful pleading alleged such claim in order to deprive the defendant of the defendant's right to a federal forum. In those circumstances it is proper for the court to examine the record to determine if the real nature of the claim is federal notwithstanding any characterizations to the contrary.\*

In this case defendants rely on the fact that there are pending two other federal suits brought by this plaintiff against this defendant in two other federal district courts.

There is not here presented, as there was in the case of Salveson, the situation of a plaintiff who filed a prior action against substantially the same defendants in the federal court and in which such action was dismissed as untimely. In that case, having suffered that ruling, plaintiff sought to escape its effect by pleading the same claim under state law. The court had, upon that record, no problem in determining that the doctrine of artful pleading required denial of the motion to remand.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00793-JJF    Document 26-5    Filed 12/07/2005    Page 9 of 17

Not Reported in F.Supp.                                                                 Page 3
Not Reported in F.Supp., 1984 WL 786 (N.D.Fla.), 1984-2 Trade Cases P 66,130
**(Cite as: Not Reported in F.Supp.)**

Other cases cited by defendant present also factual situations distinguishable from the factual situation here presented. For example, in Buchanan v. Delaware, 571 F.Supp. 868 (E.D. Pa. 1983) the state complaints were cast in terms of state anti-trust violations. The court noted that the state, in recognizing a common law anti-trust cause of action, relied almost solely on federal anti-trust standards. Admittedly, the complaint involved had been brought in a state court with a state defendant added to destroy diversity. The court reached the conclusion that claims were essentially federal in nature.

*3 In Calhoon v. Bonnabel, 560 F.Supp. 101 (S.D. N.Y. 1982), the court was able to find the state claims were wholly controlled by federal law and so were preempted by federal litigation previously commenced in the same court. In Re Wiring Device , 498 F.Supp. 79 (E.D. N.Y. 1980), presented a case in which plaintiff brought suit in state court under the state's anti-trust law. The court pointed out that, since it was unquestioned the defendant was engaged in interstate commerce, and the state statute was limited in application to intrastate commerce, the true nature of plaintiff's claim was federal.

Unlike these and other cases in which the artful pleading doctrine has been applied it does not here appear that plaintiff's claim is in fact a federal law claim. To the contrary, plaintiff's claim, alleging a tortious interference with advantageous business relationships, and seeking injunctive relief against use of policy holder lists, presents a state claim not cognizable in federal court. That many of its allegations might also be relevant in a federal anti-trust action does not establish that it is artfully pleaded as a state claim.

Defendant's motion to centralize this and the other actions between Metropolitan and Liberty pending in South Carolina and North Carolina was denied. The same considerations which prompted, at least in part, the denial of consolidation by the Multi-District Panel are applicable here. It does not appear on the record before this court that the common questions of fact are sufficiently complex and that any accompanying discovery will be so time consuming as to justify this court in taking from the plaintiff its right to elect the remedy it wishes to pursue.

In other cases dealing with this question, it could be said that the plaintiff had, by artful pleading, characterized his action as a state court action, when in reality it was a federal action, and had done so for the purpose of depriving a defendant of defendant's right to a federal forum. That cannot be said of this case.

Moreover, the removal statute is strictly construed against removal jurisdiction with doubt being resolved in favor of remand. To this court it does not appear that doubt here exists. However, should doubt exist, there is presented another reason why the plaintiff's motion to remand should be granted.

This court has been provided with copy of an order entered on March 15, 1984, by Judge McMillan in the related case pending in the United States District Court for the Western District of of North Carolina. It seems apparent Judge McMillan was not advised a motion to remand was pending in this case.

Order granting plaintiff's motion to remand and remanding the case to the state court will be entered.

ORDER

Pursuant to and in accordance with memorandum decision of this date, it is ORDERED as follows:

1. Motion of plaintiff to remand this case should be and the same is hereby granted with this case being hereby remanded to the Circuit Court, First Judicial Circuit of Florida, Escambia County, State of Florida.

*4 2. The clerk of this court will provide the clerk of the state court to which this case is remanded with a certified copy of this order of remand.

DONE AND ORDERED.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00793-JJF   Document 26-5   Filed 12/07/2005   Page 10 of 17

Not Reported in F.Supp.                                                                                           Page 4
Not Reported in F.Supp., 1984 WL 786 (N.D.Fla.), 1984-2 Trade Cases P 66,130
**(Cite as: Not Reported in F.Supp.)**

> FN* Plaintiff contends the court may not look beyond the face of the initial pleading to determine whether a federal question is presented. A court may properly look beyond the pleadings to determine whether the claim asserted under the guise of state law is actually a federal claim. Federated Dept. Stores v. Moitie, 452 U.S. 394, 69 L.Ed.2d 103, 101 S.Ct. 2424 (1981). As stated by Judge Weinstein in In Re Wiring Device, 498 F.Supp. 79 (E.D. N.Y. 1980), at page 82:
> A federal court need not blind itself to the real gravamen of a claim because plaintiff tenders a blindfold in the form of artful characterization of its complaint.

Metropolitan Life Ins. Co. v. Merchant Liberty Life Ins. Co.
Not Reported in F.Supp., 1984 WL 786 (N.D.Fla.), 1984-2 Trade Cases P 66,130

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# TAB 18

Westlaw.

Not Reported in F.Supp.2d                                                                                           Page 1

Not Reported in F.Supp.2d, 2000 WL 34440850 (N.D.Ga.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
   United States District Court,N.D. Georgia, Atlanta
                        Division.
               MIRASCO, INC. Plaintiff
                           v.
     AMERICAN NATIONAL FIRE INSURANCE
       COMPANY and Great American Insurance
                Company Defendants
             No. Civ.A.1:00-CV-947ODE.

                      July 5, 2000.

Alfred B. Adams, III, Holland & Knight, Atlanta, GA, John M. Toriello, Holland & Knight, New York, NY, for Plaintiff.
R. Clay Porter, Jennifer R. Rossi, Dennis Corry Porter & Smith, Atlanta, GA, for Defendant.

                        ORDER

EVANS, J.
*1 This civil action in which Plaintiff alleges breach of an insurance contract is currently before the court on Defendants' motions to file an amended notice of removal and to transfer. Also before the court are Plaintiff's motion to remand and to amend the joint preliminary planning report and scheduling order.

The following facts are undisputed unless otherwise noted. American National Fire Insurance Company and Great American Insurance Company (" Defendants") are Ohio corporations with their respective principal place of businesses located in New York and Ohio. Mirasco, Inc. ("Mirasco" or " Plaintiff") is a Georgia corporation with its principal place of business in Georgia. Plaintiff is engaged in the export business.

On March 15, 1990, Defendants issued a Marine Cargo Insurance Policy, Open Cargo Policy No. 7375220 (the "Policy"). This policy was rewritten on March 15, 1996. Mirasco's broker in New York, International Insurance Brokers, Inc. ("IIB") prepared the Policy and submitted it to Defendants for approval. Defendants approved the Policy, signed it and returned it to IIB which then delivered the Policy to Mirasco in Georgia. According to Mirasco, it was also necessary for each shipment to have a certificate of insurance issued identifying the nature of the cargo, mode of transport and value of goods. Such were apparently sent directly to Mirasco in Georgia.

On or about December 31, 1998, Mirasco transported from Houston, Texas to Alexandria, Egypt a large guantity of frozen beef livers aboard the ship M/V Spero. The Egyptian government rejected the shipment of livers. Mirasco directed the M/V Spero to return to Houston. Mirasco salvaged what it could of the cargo and then filed a $2,946,290.23 insurance claim with Defendants for its Josses related to this shipment. Defendants paid Mirasco $400,000 pursuant to the Policy for the cost of the return freight. However, the parties dispute whether Defendants have any further liability to Mirasco under the terms of the Policy.

The court will first address Defendants' motion for leave to file an amended notice of removal. On April 12, 2000, Defendants filed their notice of removal. That notice consists of the following nine paragraphs:
1. The initial Complaint for damages was filed by Mirasco, Inc. in the Superior Court of Fulton County, State of Georgia, on or about March 8, 2000.
2. True and exact copies of all pleadings filed in this matter are attached hereto as the following Exhibits:
Exhibit "A"-Complaint; and
Exhibit "B"-Answer of Defendants.
3. Defendants are incorporated under the laws of Ohio and licensed to do business as Marine Insurance Companies in the state of New York, doing business at 125 Maiden Lane, New York,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00793-JJF   Document 26-5   Filed 12/07/2005   Page 13 of 17

Not Reported in F.Supp.2d                                                        Page 2
Not Reported in F.Supp.2d, 2000 WL 34440850 (N.D.Ga.)
**(Cite as: Not Reported in F.Supp.2d)**

New York 10038.

4. Plaintiff's Complaint alleges an amount in controversy in excess of $2,546,290.23.

5. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

*2 6. Defendants have previously filed a declaratory judgment action under 28 U.S.C. 2201 declaring that the defendants herein are not liable to the plaintiff herein for certain claims for rejection of good [sic] insured by the defendants under a policy of marine cargo insurance. Said declaratory judgment action was filed in the United States District Court for the Southern District of New York on or about December 23, 1999. A copy of the complaint in Admiralty for Declaratory Judgment is attached hereto as Exhibit "C."

7. In response to Exhibit "C," plaintiff herein filed an answer to the declaratory judgment and presented a counterclaim against the defendants herein which sets forth virtually identical allegations to that of the Complaint as filed as filed [sic] in the Superior court of Fulton county attached hereto as Exhibit "A." A copy of the Answer to Complaint and Counterclaim filed by the plaintiffs herein in the United States District Court for the Southern District of New York is attached hereto as Exhibit "D."

8. Defendants state that this action is also removable pursuant to the provisions of 28 U.S.C. § 1446(b) as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

9. Notice is hereby given in accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of said Defendants' removal of the entire civil action to this court.

On May 8, 2000, Mirasco filed its motion to remand. Plaintiff argues that Defendants' notice of removal only alleges federal jurisdiction based on jurisdiction granted to federal courts under admiralty law and then contends that the instant action does not fall within the court's jurisdiction pursuant to admiralty law. Defendants filed a response on May 15, 2000, as well as a motion for leave to file an amended notice of removal. Defendants' first assert that this case is indeed one within admiralty. They also argue that their notice of removal is also based on diversity jurisdiction. However, Defendants recognize that they inartfully pled removal based on diversity and therefore now seek to amend their notice of removal to correct any defects therein with respect to alleging diversity jurisdiction.

In order to properly plead diversity jurisdiction for removal in a case where the parties are corporations, a defendant must allege both the state of incorporation and the principal place of business of the parties involved as well as an amount in controversy greater than $75,000. *See* § 28 U.S.C. 1332(a)(1), (b), (c)(1); *Firemen's Ins. Co. of Newark, New Jersey v. Robbins Coal Co.,* 288 F.2d 349, 350 (5th Cir.1961). In this case, Defendants have failed to allege, in their notice of removal, facts showing Plaintiff's state of incorporation and principal place of business. Additionally, while they state that Defendants are Ohio corporations licensed to practice in New York they do not specifically indicate Defendants' principal place of business.

*3 Defendants do not state the statutory authority for jurisdiction, that is, they neither say that jurisdiction is found pursuant to 28 U.S.C. § 1332 providing for diversity jurisdiction nor that jurisdiction is found pursuant to 28 U.S.C. § 1333 which provides admiralty jurisdiction. While it is the usual practice to state the statutory provision providing jurisdiction, a failure to do so is not fatal so long as the jurisdictional basis of removal is otherwise made clear. *See Hayduk v. United Parcel Service, Inc.,* 930 F.Supp. 584, 592-93 (S.D.Fla.1996).

From the face of Defendants' removal notice, it appears to the court that Defendants were attempting to allege both diversity and admiralty jurisdiction. In their notice of removal, Defendants allege their state of incorporation, place of business and the amount in controversy but neglect to state Plaintiff's state of incorporation and principal place of business, although they do incorporate documents containing this information. FN1 Then in paragraph 8, Defendants state that "this action is *also* removable" (emphasis added) based on admiralty jurisdiction. The use of the word "also"

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00793-JJF    Document 26-5    Filed 12/07/2005    Page 14 of 17

Not Reported in F.Supp.2d                                                                                Page 3
Not Reported in F.Supp.2d, 2000 WL 34440850 (N.D.Ga.)
**(Cite as: Not Reported in F.Supp.2d)**

indicates that Defendants intended to assert more than one basis for jurisdiction. Because the court finds that Defendants are seeking to supplement an imperfect statement of diversity jurisdiction rather than to now add a new basis for jurisdiction that was not found in the original notice of removal, the court will grant Defendants leave to amend their notice of removal. *See* 28 U.S.C. § 1653 (" Defective allegations of jurisdiction may amended, upon terms, in the trial or appellate courts."); *Armada Coal Export, Inc. v. Interbulk, Ltd.*, 726 F.2d 1566 (11th Cir.1984). FN2

>   FN1. Exhibit A, a copy of Plaintiff's complaint states that Mirasco is a Georgia corporation, and Exhibits C and D which relate to the declaratory judgment action brought by Defendants against Plaintiff in the United States District Court for the Southern District of New York show that Mirasco is a Georgia corporation with its principal place of business in Georgia.
>
>   FN2. In *Armada,* the sufficiency of the defendant's removal notice was raised for the first time on appeal. The defendant in that case had also asserted jurisdiction based on admiralty. *Id.* at 1568. The plaintiff argued that removal was not appropriate as an action in admiralty because of the "savings to suitors clause" where the defendant had not properly set forth diversity jurisdiction. *Id.* In that case, defendant's notice provided that defendant was "a corporation organized and existing under the laws of a State of the United States other than the state of Alabama" and requested that district court to exercise " full jurisdiction of the cause herein as provided by law." *Id.* The Eleventh Circuit found that defendant was entitled to leave to amend its notice of removal in order to properly assert diversity.

Defendants have filed a copy of their amended notice of removal as Defendants' Exhibit 1 to their motion for leave to amend. The amended motion is deemed filed as of the date of this order. Having reviewed Defendants' amended notice and finding that this court has diversity jurisdiction over the instant action such that removal is proper, regardless of whether this case is one of admiralty. Plaintiff's motion to remand is denied. FN3

>   FN3. Plaintiff does not assert that diversity does not exist, rather it simply argues that Defendants did not allege diversity in the original notice of removal and should not now be allowed to amend the same to include removal based on diversity.

Finally, the court turns to Defendants' motion to transfer. Defendants submit that this case should be transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(d) for the convenience of witnesses and in the interests of justice. On December 28, 1999, Defendants had filed a declaratory judgment action against Mirasco in the United States District Court for the Southern District of New York. They sought an adjudication of their rights and liabilities to Mirasco under the Policy. In that case, Defendants argued that they were not liable under the terms of the Policy for the loss of value to the shipment of beef which Mirasco had shipped from Houston, Texas to Alexandria, Egypt, where the Egyptian authorities rejected the shipment. On March 15, 2000, Mirasco filed a counterclaim in that action alleging breach of contract and bad faith, allegations virtually identical to those raised in the complaint Mirasco filed on March 8, 2000, in the Superior Court of Fulton County, Georgia which is now before this court on removal.

*4 The decision to transfer a case to another district is within the sound discretion of the trial court. *See Brown v. Connecticut General Lite Ins. Co.,* 934 F.2d 1193, 1196 (11th Cir.1991). Section 1404(a) provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Supreme Court has explained that,
the purpose of the section is to pravent the waste ' of time, energy and money' and 'to protect

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00793-JJF   Document 26-5   Filed 12/07/2005   Page 15 of 17

Not Reported in F.Supp.2d                                                                                    Page 4
Not Reported in F.Supp.2d, 2000 WL 34440850 (N.D.Ga.)
**(Cite as: Not Reported in F.Supp.2d)**

litigants, witnesses and the public against unnecessary inconvenience and expense.... To this end it empowers a district court to transfer 'any civil action to another district court if the transfer is warranted by the convenience of parties and witnesses and promotes the interest of justice. This transfer power is, however, expressly limited by the final clause of s 1404(a) restricting transfer to those federal districts in which the action might have been brought.

*Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (internal citation omitted).

Thus, the threshold question is whether this action might have been brought in the United States District Court for the Southern District of New York. Plaintiff does not argue that this case could not have been brought initially in the United States District Court for the Southern District of New York. As the court cannot say that the district court in New York is without jurisdiction or that it would be an improper venue, the court finds that this action might have been brought in the United States District Court for the Southern District of New York. FN4

> FN4. However, the court notes that Mirasco states that it has filed a motion to dismiss based on lack of subject matter jurisdiction based on the grounds that Defendants' declaratory judgment action was based on admiralty jurisdiction and the claim is not one under admiralty. The court will not here decide whether Defendants' declaratory judgment action is properly within admiralty jurisdiction; however, having read the complaint for declaratory judgment the court finds that facts sufficient to support diversity jurisdiction are apparent on the face of the complaint. The complaint states that Defendants are Ohio corporations doing business in New York, that Mirasco is a Georgia corporation with its principal place or business in Georgia and that Mirasco is seeking payment on loss in the amount of $2,546,290.23.

Next, in deciding whether to transfer an action, courts generally consider a number of factors including the following: "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system." *Gould v. National Life Ins. Co.,* 990 F.Supp. 1354, 1357 (M.D.Ala.1998). The moving party bears the burden of demonstrating that the balance of interests favor transferring the action. *Martin v. South Carolina Bank,* 811 F.Supp. 679, 683 (M.D.Ga.1992).

In this case, the parties will be equally inconvenienced. Either Plaintiff lravels to New York or Defendants travel to Georgia. As for the convenience of witness, that factor only slightly favors Defendants. First, at the present stage of the proceeding it is not entirely clear whether witnesses would be necessary at all, as the issue may be merely one of construing the contract. To the extent witnesses are necessary the witnesses representing Defendants' companies are apparently located in New York and the witnesses with knowledge from Mirasco are located in Georgia. However, IIB, Mirasco's brokers firm, is located in New York and the witnesses from that company are also located in New York. The remaining potential category of witness are either in Houston, Texas or Egypt where the events at the center of the contract dispute transpired. FN5 Thus, regardless of the forum a number of witnesses will have to travel some distance. FN6 However, that burden would be significantly increased for all parties and witnesses were they required to travel between two forums due to their involvement in related actions being tried in different states.

> FN5. Defendants list seven witnesses who reside in New York, five from their company and two with IIB. Plaintiff asserts that only witnesses residing in New York

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:05-cv-00793-JJF   Document 26-5   Filed 12/07/2005   Page 16 of 17

Not Reported in F.Supp.2d                                                                                    Page 5
Not Reported in F.Supp.2d, 2000 WL 34440850 (N.D.Ga.)
(Cite as: Not Reported in F.Supp.2d)

who had significant involvement are Ben Lombardi, Senior Claims Manager for Great American and Antonio Palmioto and Catherine Pennolino from IIB. Other witnesses with knowledge of the events leading up to the claim are in Egypt or other foreign countries except for Mirasco's Vice Presidents Sami L. Rizk and Saher L. Rizk who are based in Georgia.

FN6. Although the parties do not discuss the availability of documents and other sources of proof, the court assumes the whereabouts of such breaks down along the same lines as the whereabouts of witnesses such that any relevant documents are located at both potential forums.

*5 The most persuasive reason for transferring this action is that a related action involving the same issues is currently pending in the United States District Court for the Southern District of New York. FN7 Transferring this case would promote judicial economy by preventing the duplication of judicial effort and avoiding the possibility of inconsistent results. Defendants submit that pursuant to the "first to file" rule this case should be transferred to the New York court as the action currently pending there was filed before the instant action. The first to file rule provides that where two courts have concurrent jurisdiction over substantially similar actions, the first court in which jurisdiction attaches has priority to consider the case. *See Martin v. South Carolina Bank,* 811 F.Supp. 679, 686 (M.D.Ga.1992). Plaintiff argues in response that a court may decline to apply the first to file rule where priority was obtained by filing a declaratory judgment in the transferee court in anticipation of litigation. *See Martin v. South Carolina Bank,* 811 F.Supp. 679, 686 (M.D.Ga.1992). However, doing so is not mandatory. *Allstate Ins. Co. v. Clohessy,* 9 F.Supp.2d 1314 (M.D.Fla.1998). In *Martin,* the court also explained that while a "plaintiff's choice of forum is entitled to deference, it is not a more important factor than the presence of related proceedings in the transferee district." *Id.*

FN7. Mirasco, a defendant in the declaratory judgment action, apparently has moved to dismiss for lack of subject matter jurisdiction or in the alternative to stay the action pending this court's decision on Mirasco's motion to remand.

Plaintiff asserts that Defendants' declaratory judgment motion was filed in anticipation of litigation as it was filed while the parties were negotiating over Defendants' refusal to pay on Plaintiff's claim. The vice president of Mirasco apparently met with representative for Defendants on December 8, 1999. Defendants filed their declaratory judgment action on December 28, 1999. Defendants assert that they did not file in anticipation of litigation but simply because they saw no resolution to the liability dispute. They assert that it is common in the insurance industry to file a declaratory judgment action in such situation.

Although, the court finds it a close call as to whether Defendants' did, indeed, file their action in anticipation of litigation, the court will nonetheless transfer this case in the interest of judicial economy. These actions clearly should be consolidated for purposes of adjudication in order to preserve judicial resources and avoid inconsistent judgments, and as the convenience of witnesses may favor transfer the court will so grant it. *See e.g., Tingley Systems, Inc. v. Bay State HMO Management, Inc.,* 833 F.Supp. 882 (M.D.Fla.1993) (finding convenience of parties and witnesses favored transfer of action to district in which defendant's declaratory judgment action was pending; although both parties would be inconvenienced by litigating in other's chosen forum, all parties and witnesses would be more inconvenienced by litigating related actions in separate courts); *Allstate Ins. Co. v. Clohessy,* 9 F.Supp.2d 1314 (M.D.Fla.1998) (explaining "the first-filed action is preferred, even if it is declaratory, unless considerations of judicial and litigant economy, and the just effective disposition of disputes, require otherwise"); *Martin,* 811 F.Supp. at 686 (granting transfer to court in which declaratory judgment action pending when said court had already denied transfer as not doing so would result in waste of judicial resources and the possibility of inconsistent judgments).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 6
Not Reported in F.Supp.2d, 2000 WL 34440850 (N.D.Ga.)
**(Cite as: Not Reported in F.Supp.2d)**

*6 Accordingly, Defendants' motion to transfer [# 4] and to file an amended notice of removal [# 10] are hereby GRANTED. The Clerk of the Court is DIRECTED to file Defendants' amended notice of removal. Plaintiff's motion to remand [# 7] is hereby DENIED. As the court has granted Defendants' motion to transfer, Plaintiff's motion to amend the joint preliminary planning report and scheduling order [# 13] is hereby transferred to the U.S. District Court for the Southern District of New York for decision by that court.

SO ORDERED.

N.D.Ga.,2000.
Mirasco, Inc. v. American Nat. Fire Ins. Co.
Not Reported in F.Supp.2d, 2000 WL 34440850 (N.D.Ga.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00947 (Docket) (Apr. 12, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.