# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Kenneth J. Nachbar
302 575 7294
302 425 3013 Fax
knachbar@mnat.com

December 9, 2005

**BY ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    Bank of America, N.A. v. US Airways, Inc., et al
            C.A. No. 05-793-JJF

Dear Judge Farnan:

       I write on behalf of Intervenor Juniper Bank. We are sorry that discussions between Bank of America and US Airways did not resolve this matter. In view of the failure to resolve this matter, I write to seek the Court's assistance in securing prompt disposition of two pending motions, a motion to transfer filed by defendant US Airways, Inc. ("US Airways") on November 11, 2005 and a motion for expedited remand filed by plaintiff Bank of America, N.A. ("BoA") on November 22, 2005. Briefing on the motion to transfer is to be completed; briefing on the motion to remand is to be completed by December 12. All parties agree on the need to have the pending motions, and indeed resolution of the parties' overall dispute, decided promptly.

       In a nutshell, the parties' dispute involves whether Juniper Bank is contractually permitted to market a credit card affiliated with US Aiways' frequent flyer program beginning January 1, 2006. Juniper has paid $450 million to US Airways for the right to market such credit cards. BoA, however, claims that it has the exclusive right to market such cards. Although it has not sought a preliminary injunction, BoA asserts that it will be irreparably harmed if Juniper and/or US Airways are permitted to market credit cards in violation of its alleged rights. Juniper and US Airways, on the other hand, assert that they do have the clear right to market such cards, and are entitled to prompt relief reaffirming that right. Juniper Bank additionally seeks prompt relief so that it is not put in the untenable position of having to either spend substantial sums marketing a credit card program whose legal validly is being challenged or, alternatively, delay for months (or longer) as this matter wends its way through the court system.

       Before this action was removed to federal court, Vice Chancellor Strine recognized the need for prompt resolution, and set a schedule that would conclude Chancery

The Honorable Joseph J. Farnan, Jr.
December 9, 2005
Page 2

Court briefing on the substance of the parties' claims to be completed by December 9, with argument on a motion for summary judgment to be held on December 21. Although the parties' forum dispute has obviated that schedule, the parties' mutual need to have this matter resolved promptly remains unchanged. Accordingly, on behalf of Juniper Bank and, I believe, the other parties, we respectfully request that Your Honor take the steps necessary to decide the pending motions promptly, so that the parties may obtain a prompt adjudication of their dispute in whatever forum is ultimately determined to be the appropriate one. We will be happy to provide any additional information that Your Honor needs to resolve the motions before the Court.

                          Respectfully,

                          Kenneth J. Nachbar (#2067)

KJN/kd

cc:    Brian C. Ralston, Esquire (by electronic filing)
        David C. McBride, Esquire (by electronic filing)
        Peter T. Dalleo, Clerk w/enclosure (by hand)