IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BANK OF AMERICA, N.A. (USA),            :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :
                                        :
US AIRWAYS, INC., US AIRWAYS            :
GROUP, INC. and AMERICA WEST            : Civil Action No. 05-793-JJF
AIRLINES, INC.,                         :
                                        :
          Defendants,                   :
                                        :
     and                                :
                                        :
JUNIPER BANK,                           :
                                        :
          Intervenor.                   :

Richard L. Horwitz, Esquire, Kevin R. Shannon, Esquire and Brian
C. Ralston, Esquire of POTTER, ANDERSON & CORROON LLP,
Wilmington, Delaware.
Of Counsel:  Evan R. Chesler, Esquire and David R. Marriott,
Esquire of CRAVATH, SWAINE & MOORE LLP, New York, New York.
Attorneys for Plaintiff Bank of America, N.A. (USA).

David C. McBride, Esquire, Martin S. Lessner, Esquire and
Christian Douglas Wright, Esquire of YOUNG CONAWAY STARGATT &
TAYLOR, LLP, Wilmington, Delaware.
Of Counsel:  Mark H. Epstein, Esquire and Kristin Linsley Myles,
Esquire of MUNGER, TOLLES & OLSON LLP, Los Angeles, California.
Attorneys for Defendants US Airways, Inc., US Airways Group, Inc.
and America West Airlines, Inc.

Kenneth J. Nachbar, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL,
Wilmington, Delaware.
Attorney for Intervenor Juniper Bank.

**MEMORANDUM OPINION**

December 21, 2005
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court are Defendants' Motion To Transfer

To The Eastern District Of Virginia (D.I. 5) and Plaintiff's

Motion For Expedited Remand To Vice Chancellor Strine Of The

Delaware Chancery Court (D.I. 11).  For the reasons discussed,

the Court will grant Defendants' Motion to Transfer and decline

to rule on Plaintiff's Motion To Remand.

## BACKGROUND

Plaintiff Bank of America, N.A. (USA) ("Bank of America") is

a Delaware corporation with its principal executive offices in

Arizona.  Defendants US Airways, Inc. and US Airways Group, Inc.

are Delaware corporations with their principal executive offices

in Virginia.  US Airways, Inc. is the principal operating

subsidiary of US Airways Group, Inc.  Defendant America West

Airlines Inc., which is wholly owned by America West Holdings

Corp., is a Delaware corporation with its principal executive

offices in Arizona.

In May, 2003, Bank of America and US Airways, Inc. entered

into a co-branded credit card agreement under which Bank of

America was to be the sole issuer of the US Airways credit card

to United States residents until December 3, 2008.  On September

27, 2005, as a part of US Airways Group's reorganization plan

under Chapter 11 of the United States Bankruptcy Code, US Airways

1

Group merged with America West Holdings, with the merged entity
operating under the US Airways name.  In August, 2005, America
West, US Airways Group, and Juniper Bank ("Juniper") entered into
an agreement under which Juniper will issue a co-branded credit
card for US Airways.  That agreement took effect with the merger
on September 27, 2005.

By its Complaint, Bank of America alleges breach of contract
and tortious interference with contract and prospective economic
relations.  Specifically, Bank of America alleges that, as a
result of contracting with Juniper to issue a US Airways credit
card, Defendants breached provisions on exclusivity and marketing
obligations in the co-branded card agreement between them and
Bank of America.  Bank of America further alleges that America
West tortiously interfered with its contract with US Airways and
that both America West and US Airways Group tortiously interfered
with its prospective economic advantage.  Bank of America seeks
unspecified monetary damages, specific performance of the co-
branded card agreement, and injunctive relief barring Juniper
from issuing a US Airways credit card.

Bank of America originally filed this action in the Court of
Chancery for the State of Delaware in and for New Castle County
as Del. Ch. C.A. No. 1713-N.  On November 15, 2005, Defendants
and Juniper removed the action to this Court (D.I. 1) and on

2

November 16, 2005, Defendants filed their Motion To Transfer
(D.I. 5).  On November 23, 2005, Bank of America filed its Motion
For Expedited Remand (D.I. 11).

DISCUSSION

**I.  Whether The Court Has Subject Matter Jurisdiction**

Bank of America contends that the Court must deny
Defendant's Motion To Transfer and grant its Motion To Remand
because the Court lacks subject matter jurisdiction.  (D.I. 12 at
10; D.I. 18 at 3.)  Defendants contend that the Court has subject
matter jurisdiction under 28 U.S.C. § 1334(b) because this case
is a core proceeding within the meaning of 28 U.S.C. § 157(b) and
is related to a case under title 11.  The Court concludes that it
does have subject matter jurisdiction.

Section 1334(b) provides in relevant part that "the district
courts shall have original but not exclusive jurisdiction of all
civil proceedings arising under title 11, or arising in or
related to cases under title 11."  28 U.S.C. § 1334(b).  The
Court of Appeals for the Third Circuit has given a broad
interpretation to "related to," even in cases like this one that
arise after confirmation of the debtor's reorganization plan.
See In re Resorts International, Inc., 372 F.3d 154, 164 (3d Cir.
2004).  Under § 1334(b)'s "related to" standard, a district court
has jurisdiction of a proceeding if "the outcome of that

3

proceeding could conceivably have any effect on the estate being administered in bankruptcy." Id. (quoting Pacor, Inc., v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). A proceeding is related to a case under title 11 "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Id. According to Defendant's brief in support of their Motion To Transfer, a significant percentage of the cash needed to implement US Airways' Chapter 11 reorganization plan was to come from the contract with Juniper, which Bank of America seeks to enjoin. (D.I. 6 at 11.) Taking this into account, and applying the Third Circuit's broad standard, the Court concludes that this action is related to Defendants' case under title 11. Therefore, the Court has subject matter jurisdiction under 28 U.S.C. § 1334(b).

## II. Whether The Court Should Transfer Venue To The Eastern District Of Virginia

Defendants contend that the Court should transfer venue to the United States District Court for the Eastern District of Virginia where proceedings concerning US Airways' Chapter 11 case are pending before the Honorable Stephen S. Mitchell. (D.I. 6 at 1.) In support of this contention, Defendants argue that, because Judge Mitchell has presided over this large and complex

4

bankruptcy, he is in a better position than this Court to weigh the issues raised by Bank of America's Motion to Remand as well as its Complaint.  In response, Bank of America contends that its choice of forum should be given substantial deference and that Defendants have not met their burden, under 28 U.S.C. § 1412, of showing that transfer of venue would serve the interest of justice or the convenience of the parties.  (D.I. 18 at 6.)

Secton 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  28 U.S.C. § 1412.  A determination of whether to transfer a proceeding under § 1412 should be based on the same factors used to decide a motion to transfer under § 1404(a), which permits a court to transfer any civil action for the convenience of the parties or in the interest of justice.  In re Centennial Coal, Inc., 282 B.R. 140, 144 (Bankr. D. Del. 2002). The Third Circuit set forth a list of those factors in Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995).  That list includes:  (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent that the

5

witnesses may actually be unavailable for trial in one of the
fora; (6)  the location of books and records, similarly limited
to the extent that the files could not be produced in one of the
fora; (7) the enforceability of the judgment; (8) practical
considerations that could make the trial easy, expeditious, or
inexpensive; (9) the relative administrative difficulty in the
two fora resulting from court congestion; (10) the local interest
in deciding local controversies at home; (11) the public policies
of the fora; and (12) the familiarity of the trial judge with the
applicable state law.  Id.  The burden is on the movant to
establish that the balance of the interests weighs strongly in
favor of transfer.  Datex-Ohmeda, Inc. v. Hill-Rom Services,
Inc., 185 F.Supp.2d 407, 412 (D. Del. 2002).

     Having considered all of the relevant factors, the Court
concludes that the balance of interests here weighs strongly in
favor of transferring this action to the Eastern District of
Virginia, where related bankruptcy matters are pending.  That
conclusion is based largely on the eighth factor, practical
considerations.  Judge Mitchell is simply in a far better
position than this Court to expeditiously decide critical
questions pertaining to Bank of America's Motion To Remand and
the merits of the case.  For example, Bank of America contends
that the Court must abstain from hearing this case pursuant to 28

                                                                6

U.S.C. § 1334(c)(2), because it is not a core proceeding.  (D.I. 12 at 21.)   Defendants, on the other hand, contend that the claims in the Complaint are "functionally identical" to administrative claims filed by Bank of America in US Airways' Chapter 11 proceedings, (D.I. 6 at 1), and that those administrative claims, therefore, transform this action into a core proceeding, Id. at 9-10.  Also at issue with respect to the Motion For Remand, is the effect on the Court's jurisdiction of a paragraph in Judge Mitchell's order confirming the reorganization plan, which reserves certain of Bank of America's rights with respect to the co-branded credit card agreement.  (D.I. 13, Ex. 13 at 49.)   Another crucial issue in contention is the importance to the reorganization plan of the cash received by US Airways from its contract with Juniper.  (D.I. 6 at 10-11.) Judge Mitchell, being vastly more familiar with the nature of the administrative claims filed by Bank of America, the correct interpretation of his own orders, and the details of US Airways' reorganization plan, is well positioned to quickly and efficiently resolve these and other issues, whereas this Court would have to expend considerably more time and resources to arrive at a just resolution.  Therefore, the Court concludes that, for practical considerations alone, it is in the interest

of justice to transfer this case to the Eastern District of Virginia.

## CONCLUSION

For the reasons discussed, the Court will grant Defendants' Motion To Transfer To The Eastern District Of Virginia (D.I. 5). The Court declines to rule on Plaintiff's Motion For Expedited Remand To Vice Chancellor Strine Of The Delaware Chancery Court (D.I. 11).

An appropriate order will be entered.